WOLCOTT *against* REED.

*D*, being the owner of an over-due note, made by *A*, in 1832, and indorsed by *B*, and secured also by a mortgage of *B's* real estate, *C*, in *June*, 1837, paid to *D* 250 dollars, to be applied in payment of the interest then due on such note, unless *C* should pay the full amount of the note, and take an assignment thereof, with its mortgage security; in which case the sum so paid was to go towards its purchase. Nothing further was done in relation to this note, until *October*, 1838, when *D* sold and assigned it, with the mortgage security, to *E*, for the amount due on it, deducting the 250 dollars paid by *C*. In *February*, 1839, *E* brought a bill to foreclose the mortgage; making *B*, *C* and others parties defendants; and afterwards, on the default of the defendants to appear, a decree of foreclosure was passed against them, for the whole amount of the note, without deducting the 250 dollars paid by *C*. In an action for money had and received, afterwards brought by *C*, against *D*, it was held, that *C* was not entitled to recover.

THIS was an action of *indebitatus assumpsit* for money had and received by the defendant for the plaintiff's use.

The cause was tried, on the general issue closed to the court, at *Litchfield, February* term, 1844, before *Waite, J.*

In support of his claim, the plaintiff gave in evidence the following writing, signed by the defendant: " Received, *Salisbury, June* 15th, 1837, of *William A. Wolcott*, 250 dollars, which is to apply and be indorsed on a note in favour of *Abiathar Wolcott*, or order, against *Leman Bradley*, dated 23d of *January*, 1832, given for 702 dollars and 24 cents,

payable sixty days from date, at the *Duchess County Bank,* indorsed by said *Abiathar Wolcott,* presented to said bank when due, and protested for non-payment, which note is my property; and the said 250 dollars is to apply towards the interest now due on said note, and be indorsed on the same, unless the said *William* shall pay the full amount of said note, and take an assignment of the same, with its mortgage security; in which case it is to go towards the purchase of the note. *Josiah M. Reed."* The defendant then offered in evidence the note described in said writing, indorsed successively, by *Abiathar Wolcott, John Brinsmade* and *Riley A. Holden;* and, in connexion therewith, the following assignment thereto attached: " Be it known, that I *Josiah M. Reed,* in consideration of the sum of 773 dollars, 78 cents, received of *Barnabas Payne,* to my full satisfaction, do sell and assign to said *Payne,* the note I hold against *Leman Bradley,* indorsed by *Abiathar Wolcott, John Brinsmade,* and *Riley A. Holden,* which note was made payable to said *Abiathar Wolcott,* or order, at the *Duchess County Bank,* sixty days from date, and dated the 23d of *January,* 1832; which note was assigned to me, by said *Riley A. Holden.* I assign said note to said *Payne,* with the mortgage security, and all securities attached to the same, at his own risk, cost and expense, except that I, the said *Reed,* do warrant that the sum due upon said note amounts to the full sum of 773 dollars, 78 cents, computing principal and interest; and if, upon accurate computation, deducting the sum of 250 dollars interest, which has been paid to me, the amount due on said note shall fall short of said sum of 773 dollars, 78 cents, then I agree to make up the deficiency to said *Payne.* Dated at *Salisbury,* this 8th day of *October,* 1838. *Josiah M. Reed."*

To the admission of this assignment in evidence the plaintiff objected; and by consent of parties, it was read, subject to the opinion of the court as to its admissibility.

In *February,* 1839, *Payne* brought a bill of foreclosure, stating the making and assignment of said note, and the execution of a mortgage deed, by *Abiathar Wolcott,* to said *Holden,* to secure the payment of said note. To this bill *Abiathar Wolcott* and others, including the present plaintiff, were made parties defendants. There was no appearance on the part of any of the defendants; and a decree of fore-

closure was passed, by which it was found, that the whole sum of said note and interest was due, making no allowance or deduction of the amount paid by the plaintiff.

It was admitted, by the parties, that the sum of 250 dollars had been paid, by the plaintiff to the defendant, as stated in said receipt; that it had been no otherwise in fact indorsed upon said note, than by attaching said assignment thereto; that the amount found due upon said note in said decree, was greater than the principal and interest due thereon, without any deduction for said payment; and that the defendants in said bill of foreclosure had never redeemed said mortgaged premises. There was no evidence that the plaintiff had ever paid, or offered to pay, the defendant, or *Payne,* the balance due upon said note; or that he ever had any knowledge of the assignment to *Payne,* until the bill for a foreclosure was brought; nor was there any evidence of the value of the property mortgaged to secure the payment of said note, except what is furnished by the proceedings in the suit for a foreclosure.

It was not denied by the plaintiff, that said assignment, if admissible in evidence, was made at the time, in the manner, and upon the consideration, therein stated.

This was all the evidence in the cause; and thereupon the plaintiff claimed, that he was entitled to recover, 1. because the defendant had not indorsed upon the note the money paid by the plaintiff, but had suffered a decree to be passed for the full amount of the note, by which it had been paid and satisfied: 2. because the defendant, by his assignment to *Payne,* had placed it out of his power to comply with his contract in said receipt to assign the note and mortgage to the plaintiff: and the plaintiff prayed the court so to decide.

The court did not so decide, but being of opinion, that, upon the evidence legally admissible, the plaintiff by law could not recover, found the issue in favour of the defendant. The plaintiff thereupon moved for a new trial.

*Church* and *Averill,* in support of the motion, contended, 1. That the plaintiff having paid money under an agreement that it should be applied for his benefit, and this not having been done, he is entitled to have it returned to him. The agreement was, that the money so paid, and specified in the

*Litchfield,*
June, 1844.

Wolcott
*v.*
Reed.

receipt, should be indorsed on the note as interest, unless the plaintiff should take an assignment of the note, in which case, it was to be applied to the principal; so that in either case, it was to be applied on the note. The defendant, without making such application, or offering to assign the note to the plaintiff, assigned it to *Payne,* thereby violating his agreement, and putting it out of his power to assign to the plaintiff. Nor is any fault or neglect imputable to the plaintiff. He, being neither party nor privy to the arrangement between the defendant and *Payne,* and having no interest in the mortgaged premises, was not bound to answer to the bill of foreclosure. He is clearly entitled to redress from some quarter.

2. That the plaintiff cannot go against *Payne.* He was not a party to the arrangement, and of course, was not bound by it. He might innocently procure a decree to be passed in his favour, for the whole amount of the note, including interest and costs, irrespective of any payment.

3. That this action is the appropriate remedy, if not the only one. *Koon* v. *Greenman,* 7 *Wend.* 121. 123. *Rowe* v. *Smith,* 16 *Mass. R.* 306. *Loring* v. *Mansfield,* 17 *Mass. R.* 394. *Wales* v. *Wetmore,* 3 *Day,* 252.

*Hubbard,* contra, contended, 1. That the defendant had no money in his hands belonging to the plaintiff, which he might not retain with a safe conscience. He has conducted with fidelity, and has received no more than was due to him. The sum of 250 dollars of interest was due on the note, when the money was paid. When the defendant sold the note to *Payne,* he, in good faith, deducted the 250 dollars. If the plaintiff can now recover the money, it will be an entire loss to the defendant.

2. That the loss complained of has resulted from the plaintiff's own negligence or misconduct. In the first place, after taking the receipt or agreement of the 15th of *June,* 1837, he lay by until the 8th of *October,* 1838, a period of nearly sixteen months, during which he never applied to purchase the note. Secondly, when the bill of foreclosure was brought, though he was made a party thereto, he kept his receipt in his pocket, and never claimed an application of the money on the note, and made no opposition to the decree that was passed.

3. That general *indebitatus assumpsit* will not lie, in this case; the contract having never been rescinded. The de-

fendant, so far from consenting to a rescission of the contract, has in effect fulfilled it on his part. He has virtually indorsed the money on the note, and substantially applied it as he stipulated to do. To constitute a rescission, the minds of the parties must meet. But the defendant never consented to rescind: on the contrary, he supposed he had fulfilled, by deducting the 250 dollars, when he assigned the note to *Payne.*

4. That the plaintiff's remedy, if he has any, is by petition to open the decree. He was a party to the suit in which that decree was passed, and cannot now overhaul that decree in this way. 1 *Sw. Dig.* 405. *Carter* v. *Canterbury,* 3 *Conn. R.* 455.

*T. Smith,* on the same side, declined argument.

CHURCH, J. This action is founded upon a receipt, given by the defendant to the plaintiff, for two hundred and fifty dollars, and dated *June* 15th, 1837.

The defendant was the holder of a note of seven hundred and two dollars and twenty-four cents, dated *January* 23d, 1832, made by *Leman Bradley,* and payable to *Abiathar Wolcott,* or order, and by him indorsed to *Riley A. Holden,* and by *Holden* to the defendant. This note was secured by mortgage upon the estate of *Abiathar Wolcott,* the first indorser, and had been protested for non-payment.

From the tenor of this receipt, it appears, that *William A. Wolcott,* the plaintiff, had in view a purchase of this note and mortgage of the defendant, and paid him two hundred and fifty dollars thereon, which was to be indorsed and applied on the note as interest, if the plaintiff should not take an assignment of it, as purchaser; but if he should do this, then the money paid, was to be considered as a part of the purchase money of the note and mortgage.

The plaintiff was under no obligation to pay the balance due on the note, and take an assignment of it, nor was any time fixed within which he should make his election, whether he would do this or not. He never moved in the matter again. And the defendant, after retaining the note and mortgage in his hands, for nearly a year and four months, assigned them to *Barnabas Payne,* on the 8th day of *October,* 1838,

*Litchfield*,
June, 1844.

Wolcott
*v.*
Reed.

after deducting the amount paid by the plaintiff. *Payne* afterwards prosecuted proceedings of foreclosure against the mortgagor, and for some reason, made the plaintiff a party defendant to them ; but he did not appear, nor make any answer thereto. A decree of foreclosure was passed, by which it was found, that the whole sum of the original note and interest was due, making no allowance or deduction of the amount paid by the plaintiff. And this suit is brought to recover back from the defendant the sum so paid to him.

We know of no principle which can sustain this demand. The defendant had a right to receive of the plaintiff this money in payment : it was due to him, and he may retain it, unless he has done some act, or omitted to perform some duty, by reason of which he has forfeited this right. The money was paid without fraud or mistake, upon a lawful arrangement between the parties. The plaintiff directed its application, and the defendant has done no act to defeat it. The money was to apply in payment of the interest on the note, unless the plaintiff chose to purchase it. He has not purchased it, nor offered to do it ; nor expressed an intention to purchase it, at any future time. If, therefore, the defendant has retained the money as so much interest due to him upon the note, he has done only what the plaintiff agreed he should do. Of course, he does not hold this money for the plaintiff's use. When the defendant assigned the note and mortgage to *Payne*, he deducted this payment in his estimate of the amount due, and received only the balance. He has acted in entire good faith, not only with the plaintiff, but with *Payne*, and has not received from either of them a dollar to which he was not entitled.

It is said, that by assigning the note and mortgage to *Payne*, the defendant put it out of his power to assign them to the plaintiff, and thus defeated the plaintiff's purpose. The defendant retained them more than a year after the arrangement was made; much beyond a reasonable time for the plaintiff to have made the purchase. He was under no obligation of law or honour to wait longer.

It is claimed also, as the whole amount of the note, without deduction of the payment made by the plaintiff, was found due by the court, on the decree of foreclosure, that this gives to the plaintiff a right to recall the money he has paid.

*Litchfield,*
June, 1844.

Wolcott
*v.*
Reed.

But the defendant was no party to that proceeding, and his rights cannot be affected by it. He had no longer an interest in the note, and was not bound to look after it in the hands of *Payne*. The plaintiff was a party ; he could have seen to the application of the payment in making up the decree of the court ; and if he neglected to do it, he must not shift the consequences of this neglect from himself to the defendant. Besides, we do not see how the plaintiff's rights have been at all changed, by that decree. It does not appear, that he had any interest in the land mortgaged, or in the debt secured. Whether more or less was found due, therefore, must be immaterial to him.

We do not advise a new trial.

In this opinion, the other Judges concurred.

New trial not to be granted.