MARY V. WALLACE vs. LUX CLOCK COMPANY ET AL.
(No. 998).

MARY V. WALLACE vs. LUX CLOCK COMPANY ET AL.
(No. 999).

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 6th—decided July 12th, 1935.

*Vincent A. Miller,* for the appellant (plaintiff).

*Walter E. Monagan,* for the appellees (defendants).

HAINES, J.   While in the employ of the named defendant, Wallace, on March 29th, 1932, in pushing his chair back from the bench at which he worked, slipped and fell, with an alleged resulting injury to his back. On March 14th, 1933, a written "agreement and stipulation as to compensation" was signed by the named defendant, "employer," Travelers Insurance Company, "insurer," William M. Wallace, "employee" and Mary V. Wallace, "wife and dependent," and the signed approval of commissioner was written thereon.

The following day the commissioner made a "finding and award by stipulation" reciting that the agreement was "a fair settlement of a disputed claim, and it ought . . . to be ratified and confirmed," and thereupon ordered and adjudged that compliance therewith "shall constitute a full, final and complete settlement, accord

and satisfaction of all claims of the claimant against the respondents, or either of them, by virtue of the premises." In the first named case Mary Wallace moved to open the award because of a claimed mistake of fact and because of a changed condition of fact. In the second case Mary Wallace, as widow of Wallace, deceased, makes a claim for compensation as his widow. Wallace died May 8th, 1933, and thereafter Mary V. Wallace as his widow filed the motion to reopen the award.

On July 25th, 1934, Commissioner Lynch, who succeeded to the office after the death of Commissioner Williams, held a hearing on the widow's application to reopen the award. The finding, dated October 4th, 1934, shows that Wallace had been examined by his family physician and five other doctors and X-rays taken by another. After hearing the testimony the commissioner found that "the doctors were in distinct disagreement as to the injuries from which the said Wallace was suffering;" that the employer defendant denied that the physical condition of the claimant was caused by or was in any way traceable to his employment; that all parties were represented by counsel; that sometime before March 14th, 1933, counsel for the plaintiffs had conferred with those of the respondents "with a view to compromising and adjusting a doubtful and disputed claim." The resulting "agreement and stipulation as to compensation" is made a part of the finding. It also appears that in fulfilment of the agreement, the defendants paid and the claimant accepted $765 in a lump sum. It is also found that an autopsy showed Wallace had "a carcinoma which was probably aggravated by the fall from the chair" and that his widow "were it not for the stipulation to which she was a party . . . would be entitled to compensation as such dependent."

He concluded that there had been no fraud, accident or mistake in connection with the agreement and that the award made by Commissioner Williams was based upon the stipulation and agreement and that full payment having been made in accordance therewith, both Wallace and Mary Wallace were bound thereby and that the commissioner was without power to open the award, or grant compensation to the widow. The plaintiff filed a long motion to correct the finding of Commissioner Lynch, seeking numerous changes, which was denied on the general ground that any changes which could be made would be of no avail to the plaintiff, because in the absence of fraud, accident or mistake, the commissioner had no power to reopen the award made by Commissioner Williams. Upon appeals to the Superior Court, the awards of the commissioner were ratified and confirmed and the appeals dismissed.

The errors assigned in the present appeals are the failure of the court to correct the finding and the refusal to remand the cases to the commissioner for further proceedings, because the changes of fact which would have been shown by the corrections sought would have changed the basis of the awards; and in sustaining the conclusion of the commissioner that the stipulation and agreement were a bar to the claims in both the present cases, and that he was without power to open the award of Commissioner Williams. It is clear that the awards of the commissioner and the sustaining judgments of the Superior Court rest upon the view that the agreement and stipulation signed by the respondents and by the employee and the then dependent wife, and embodied in Commissioner Williams' award, having been fully carried out, it constituted a settlement in full of all claims which could arise from the employee's injury, either in his favor or

that of his dependent wife, while he lived, or in her favor as his widow thereafter.

The agreement in question conforms to the provisions of General Statutes, § 5247, entitled "Voluntary agreements," in that it is an agreement between the "employer and an injured employee . . . in regard to compensation;" and was approved by the commissioner, though it does not state "the time, place and nature of the injury upon which it is based." The provisions of General Statutes, § 5247, are sufficiently broad to include not only agreements as to the amount and terms of compensation where a compensable injury is admitted, but also where there is a dispute as to the existence of such a claim. An agreement such as the latter is as much within the beneficent purpose of the act as the former.

The agreement must be held to be a "voluntary agreement" within the purpose and intent of § 5247 and subject to the provisions of § 5240. The principal contention of the appellants on the claim to open the award is that this agreement is subject to modification under the provisions of § 5240 because it was entered into under a mutual mistake of fact. The statute permits modification "whenever . . . the incapacity . . . has increased or decreased, or . . . the measure of dependence . . . has changed, or . . . changed conditions of fact have arisen which necessitate a change . . . in order properly to carry out the spirit of this chapter. The commissioner shall also have the same power to open and modify an award as any court of the state has to open and modify a judgment of such court." A further claim of the appellants is that there had arisen a changed condition of fact within the terms and intent of the statute, but this claim is untenable since the disease from which the claimant was suffering

was in fact the same at all times.  *Kearns* v. *Torrington,* 119 Conn. 522, 525, 177 Atl. 725.

The language of the agreement indicates unmistakably that it was intended to deal with what was then understood by all parties to be a partial incapacity the cause and extent of which was in dispute.  It reads: "Whereas, the exact value of the partial loss of use is in dispute, and . . . the said employer and insurer agree to pay . . . $765 in a lump sum of settlement, this lump sum settlement to represent one-half of the value per week of the difference between the earning capacity of the employee now and in the future and the earning capacity of the said employee at the time of his injury."  See General Statutes, § 5237.

The only portion of the statute which the appellants can invoke is that giving the commissioner the same power as our courts of equity have over judgments. The basis for the claim of a mutual mistake of fact is that there was a virtual accord of medical opinion that the claimant's disability was caused by Paget's disease, which is not fatal, while the autopsy proved this was a mistake, the disease being shown thereby to be sarcoma, which was fatal.  This does not accord with the finding that there was a distinct difference of medical opinion as to the disease the claimant had and to meet this a change of finding is sought.  A careful consideration of the evidence shows nothing to change the conclusion of the commissioner that when the agreement was made there was a definite difference of opinion as to the cause of the claimant's disability. The only evidence in the record as to the effect of the claimant's injury upon Paget's disease, is that there was no causal relation between them.  The approval of the commissioner was definitely based upon the conclusion that the agreement was a fair settlement of a disputed claim.  The finding cannot properly be so cor-

rected as to show a mutual mistake of fact as the basis of the agreement and no authority to open the award is established.

As to the claim of the widow, in the second of the above entitled cases, the appellants say, further, that her rights did not depend upon an opening of the award, since that related only to Wallace himself and her rights as widow arose afterward. It must be observed, however, that the agreement which she signed provided that it being agreed that no compensation for a specific disability "is now due" "it is hereby agreed that none in the future will ever be claimed by the said employee or by the said Mary Wallace as wife and a dependent, and . . . that this lump sum [$765] is to include any and all claims and compensation of any nature arising out of this injury either wholly, partially or specifically, and is given in lieu thereof, and . . . that the partial incapacity which this lump sum represents, includes and is in lieu of any claim which the wife, Mary Wallace, might have as a dependent or as a wife or any other capacity as against the insurer or the employer." It was in part as consideration for this undertaking on her part that the present defendants paid the substantial sum of $765.

Holding, as we must, that this was a contract upon an adequate and valuable consideration, releasing these defendants from any further obligation to her by reason of the injury which Wallace had sustained from his fall, it follows that the ruling of the commissioner and the sustaining action of the trial court, was correct.

There is no error upon either appeal.

In this opinion the other judges concurred.