ABBIE SUGRUE *v.* HARRY V. CHAMPION ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued January 6—decided February 17, 1942.

*Julius B. Schatz,* with whom were *Arthur D. Weinstein* and, on the brief, *Edward Seltzer,* for the appellant (plaintiff).

*Harold K. Watrous,* with whom, on the brief, was *Daniel G. Campion,* for the appellees (defendants).

BROWN, J. While in the employ of the named defendant on August 23, 1938, as cook in an inn at Old Lyme, the plaintiff fell and sustained, as she then claimed, a fracture of her wrist. On September 21, 1938, a written agreement for the payment of $10.39 per week during total incapacity as compensation for her injury, "the nature of which is . . . fracture of the right wrist," was signed by the parties, and on September 28, 1938, was duly approved by the commissioner. On February 21, 1939, they signed a written "agreement for an award by stipulation" which was found to be reasonable and just and was approved by the commissioner. This recited the injury to the plaintiff's right wrist on August 23, 1938, the signing of the agreement of September 21, 1938, and payment to the plaintiff of $10.39 a week for twenty and four-sevenths weeks thereunder, and that the case had been "assigned for a hearing to determine the amount of permanent disability in said wrist." It further provided that "the amount of permanent disability is uncertain and in dispute and rather than have a hearing and the uncertainty of the results of a hearing, it is agreed that

the respondents will pay to the claimant . . . $365, the same to be in full and final settlement of all claims for compensation, either total or permanent, hospital, medical expense arising out of the aforesaid accident," and went on to state that the respondents would also pay certain specified hospital and doctors' bills "to date."

On September 27, 1940, the plaintiff filed a motion that the commissioner reopen and modify the award because (1) the plaintiff's incapacity had increased; (2) changed conditions had arisen; and (3) the award was made in accord with a stipulation which was entered into under a mutual mistake as to the plaintiff's condition. The commissioner after argument denied the motion. The plaintiff thereupon appealed to the Superior Court which found the issues for the defendants, dismissed the appeal and confirmed the award of the commissioner. The present appeal is from this judgment. The record contains the commissioner's memorandum ruling upon the motion but no finding. A transcript of the argument of counsel is, however, made a part of the record. This discloses that the fundamental claim advanced by the plaintiff was that by virtue of § 5240 of the General Statutes the award should be reopened to permit her to offer evidence that by her fall she sustained, in addition to the fracture of her wrist, an injury to her head which was not contemplated at the time the stipulation was signed and which had since rendered her insane. The defendants contended that the payment of the sum specified pursuant to the stipulation precluded any right of the plaintiff to the relief sought. The transcript also shows that the commissioner determined the motion upon the arguments of counsel without requiring or permitting the plaintiff to offer the evidence which she desired to introduce in support of her

contention. The question determinative of the appeal is whether under the circumstances the commissioner was warranted in denying the plaintiff's motion without hearing and considering the evidence which she offered to produce in support of it.

Since the claim is made by the plaintiff that the stipulation released her claim for compensation for the injury to her wrist only, the first question to be decided is whether its wording was effective to include also the claim which she now makes for injury to her head. Directing attention to the specific references in the stipulation to the "injury to her right wrist" and to the hearing assigned to determine the disputed amount of permanent disability "in said wrist," followed as they are by the defendants' agreement to pay $365 "in full and final settlement of all claims for compensation," the plaintiff argues that since it is a rule of interpretation that where particular recitals precede general words a release will be restricted to the matters particularly recited (23 R. C. L. 399, § 27), the release does not include the claim for injury to her head. This technical rule, however, is subordinate to the broad general rule of interpretation that the intention of the parties which the words of the instrument express, in the light of the circumstances existing at the time, shall prevail. *Perkins* v. *Eagle Lock Co.,* 118 Conn. 658, 663, 174 Atl. 77; *Bronx Derrick & Tool Co.* v. *Porcupine Co.,* 117 Conn. 314, 318, 167 Atl. 829; 6 Williston, Contracts (Rev. Ed.), § 1825; 53 C. J. 1241, § 60. Accordingly, "general words following an enumeration of particular things may include other things not *ejusdem generis,* if such appears to have been the intention of the parties. *Raymond* v. *Clark,* 46 Conn. 129, 134." *Shaw* v. *Pope,* 80 Conn. 206, 209, 67 Atl. 495. In the instant case, neither in the inception of the claim for compensation under § 5232 of the act, nor in

the voluntary agreement pursuant to § 5247, nor in the stipulation in question as to permanent disability under § 5237 was claim or suggestion made that any compensable injury other than that to the plaintiff's right wrist existed. Under these circumstances it seems manifest that the object of the parties in entering into this stipulation was to settle this demand in full as the entire claim for compensation arising out of the plaintiff's fall of August 23, 1938. This is an important consideration in determining their intent. *Weinberg* v. *Valente,* 79 Conn. 247, 249, 64 Atl. 337; 23 R. C. L. 397, § 26. The words "to be in full and final settlement of all claims for compensation . . . arising out of the aforesaid accident," as used in the stipulation, gave apt expression to this intent. Within the principles to which we have referred, therefore, we conclude that the stipulation in terms constituted a release in full by the plaintiff of all claims for compensation consequent upon her fall of August 23, 1938.

The remaining question is whether the stipulation and the award by the commissioner approving it preclude the plaintiff on her motion before the commissioner to reopen and modify the award. The Compensation Act makes no specific reference to compromise agreements, but does permit voluntary agreements between the parties. Section 5247 provides that "if an employer and an injured employee . . . shall . . . reach an agreement in regard to compensation, such agreement shall be submitted in writing to the commissioner . . .; and, if such commissioner shall find such agreement to conform to the provisions of this chapter in every regard, he shall so approve it." The stipulation in the present case was a voluntary agreement within the terms of this section. *Wallace* v. *Lux Clock Co.,* 120 Conn. 280, 284, 180 Atl. 466. As such it was subject to modification as provided in § 5240,

which is printed in the footnote.[1] The provisions of the Compensation Act make clear that it is the underlying scheme and purpose of the law to protect the employee, even to the extent of rendering nugatory his own agreement when it fails to assure him of the compensation which the law intends he should have. Accordingly, § 5257 prescribes that "no contract, expressed or implied, no rule, regulation or other device shall in any manner relieve any employer, in whole or in part, of any obligation created by this chapter, except as herein set forth." Payment of compensation under the act is consequently upon an entirely different basis from payments made in satisfaction of common law rights. It has given effect to a revolutionary change in public policy by imposing on the employer his share of a common loss in a common industry, which the state is interested in seeing that he shall bear lest the injured employee become a public charge. *Fair* v. *Hartford Rubber Works Co.*, 95 Conn. 350, 356, 111 Atl. 193. The provisions of §§ 5257, 5247 and 5240, considered together, make clear that the effect of any purported release of the employer from

[1] Sec. 5240. MODIFICATION OF AWARD OR VOLUNTARY AGREEMENT. Any award of, or voluntary agreement concerning, compensation made under the provisions of this chapter shall be subject to modification, upon the request of either party and in accordance with the procedure for original determinations, whenever it shall appear to the compensation commissioner, after due notice and hearing thereon, that the incapacity of an injured employee has increased, decreased or ceased, or that the measure of dependence on account of which the compensation is paid has changed, or that changed conditions of fact have arisen which necessitate a change of such agreement or award in order properly to carry out the spirit of this chapter. The commissioner shall also have the same power to open and modify an award as any court of the state has to open and modify a judgment of such court. The compensation commissioner shall retain jurisdiction over claims for compensation, awards and voluntary agreements, for any proper action thereon, during the whole compensation period applicable to the injury in question.

payment of compensation under the act such as is contained in the stipulation before us is restricted within limits unknown to the common law. The practical effect of these provisions is to incorporate in the terms of the stipulation a condition that, in case any of the contingencies referred to in § 5240 shall subsequently arise or such situation as would entitle a court to open or modify its judgment shall exist, at any time during the statutory compensation period, the release shall be subject to such modification by the commissioner as is necessary properly to carry out the spirit of the act under the circumstances as they then are. This condition entitles either the employee or the employer to seek relief in this way when occasion warrants. Increased incapacity of the plaintiff, a change in conditions, a mutual mistake in procuring the award pursuant to the stipulation—the grounds of the plaintiff's motion to reopen and modify the award—all fall within the terms of § 5240, and proof of any of them might call for a revision of the award by the commissioner. Therefore, he was unwarranted in denying the motion without hearing and considering the evidence which she offered to produce in support thereof. *Gonirenki* v. *American Steel & Wire Co.,* 106 Conn. 1, 9, 137 Atl. 26; *Wysocki* v. *Bradley & Hubbard Co.,* 113 Conn. 170, 180, 154 Atl. 431; *Fair* v. *Hartford Rubber Works Co.,* supra, 356.

The only authority which the defendants cite in support of their claim to the contrary is a statement at page 286 of our opinion in the *Wallace* case, supra, where we said in effect that the release by the employee's widow of her claim for compensation for his death, being "a contract upon an adequate and valuable consideration," discharged the employer from any further liability. Construing the words used with what precedes, however, it is manifest that this conclusion

was predicated upon the fact that neither changed conditions nor mistake, the essential grounds for relief upon which she relied, had been established. The Superior Court erred in dismissing the plaintiff's appeal and in affirming the commissioner's finding and award denying her motion.

There is error, the judgment is set aside and the case is remanded to the Superior Court with direction to return it to the commissioner for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.