CHARLES KELLY ET AL. v.
THE HIGH STANDARD MANUFACTURING CORPORATION ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 72363

Memorandum filed July 11, 1949.

*James F. Rosen*, of New Haven, for the Plaintiffs.

*William L. Hadden*, Attorney General, and *Harry Silverstone*, Assistant Attorney General, of Hartford, for the Defendants.

MURPHY, J. The plaintiff is one of sixty-seven employees of the High Standard Manufacturing Corporation who claim unemployment benefits for the week ending July 10, 1948, during which the plant was shut down for a "week of vacation." The administrator held them ineligible for benefits for that week as they had received "vacation pay," which he found was payment by way of compensation for loss of wages during that week. General Statutes, Sup. 1941 § 718f (b) 4 (Rev. 1949, § 7508). Upon appeal, the unemployment commissioner held that the "vacation pay" was a "bonus" due the employee as a matter of right for having been on the payroll for a prescribed period of time.

The determination of this matter depends upon the interpretation or article VI of the agreement between the company and the union, District 50, United Mine Workers of America and Local 13186. It reads as follows:

"Article VI. Vacations.

"Sec. 1. Employees on the payroll of the company at the end of the last full calendar week in May and at the end of the last full calendar week in November will be entitled to a vacation with pay provided they were employed by the Company not later than the end of the previous period and remain employees until the qualifying dates above mentioned.

"Sec. 2. The amount of vacation pay shall be 4 per cent of the employees' gross earnings paid during the period following the end of the preceding vacation period with the exception that the payment to be made in June, 1948, shall be 4 per cent of the gross earnings paid between December 16, 1947, and the end of the last full calendar week of May, 1948. Payment will be made within 21 days after the close of each vacation period.

"Sec. 3. If the Company shall notify the Union by May 1, 1948, or of any subsequent year that it desires to shut down the plant for the week in which July 4 occurs, such week shall be deemed a week of vacation to apply against the half year in which it occurs.

"Sec. 4. Subject to Sec. 3 above, vacations will be taken at the time at which employees are entitled to vacation pay, subject to production requirements, and shall be arranged between the employee and his immediate supervisor in such way as shall be mutually satisfactory."

The plaintiff (and the others) was an employee at the end of May, 1948, and was otherwise qualified for a "vacation with pay." The amount of "vacation pay" is not in dispute. The plaintiff received his on June 21, 1948. At the end of the vacation period these employees resumed their employment and in December received "vacation pay" for the period ending the last full calendar week in November.

Notice of the plant shutdown was given to the employees by posting a notice on the company bulletin boards on April 27, 1948. Section 3 of article VI of the contract is silent as to the form or means of the notification to the union. The evidence before the commissioner indicates that notices posted on the

bulletin board are the method used by the company under the contract. While a letter directed to the union would have been better, it was not required under the contract and the notice given was sufficient. ". . . the intention of the parties which the words of the instrument express, in the light of the circumstances existing at the time, should prevail." *Sugrue* v. *Champion,* 128 Conn. 574, 577.

Section 7516 of the General Statutes provides: "In all cases and hearings under the provisions of this chapter, proceedings shall be had, as far as possible, in accordance with the rules of equity." It would be extremely inequitable to hold that the week during which the plant was shut down was not one for which the employees received payment by way of compensation for loss of wages.

Under the contract these employees were entitled to a vacation with pay. Instead of having random individual vacation periods at the time at which employees are entitled to vacation pay, subject to production requirements as provided in § 4, the company elected to have a plant-wide vacation during which all production would cease. The claimants are basing their claims on a technicality. At law, it might suffice. In equity, it does violence to the rules upon which equity is founded.

The claimants were not unemployed within the meaning of § 7501. They were ineligible for unemployment compensation benefits. § 7508. *Mattey* v. *Unemployment Compensation Board,* 164 Pa. Super. 36.

The appeal is sustained and the commissioner is directed to enter an order vacating the award.