PAUL OWSIEJKO *v.* AMERICAN HARDWARE CORPORATION ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued June 8—decided August 1, 1950

*Raymond J. Cannon,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, for the appellant-appellee (state).

*Edward S. Pomeranz,* with whom was *William P. Aspell,* for the appellants-appellees (defendants).

JENNINGS, J. The plaintiff claimed that he was disabled because of an occupational disease. On October 22, 1947, the commissioner entered an award approving an agreement and stipulation executed by the plaintiff, his wife and the defendants. It called for a lump sum payment by the defendants to the plaintiff of $3695 in lieu of all other compensation payments and all claims for medical, hospital, surgical and incidental expenses. This was paid. The stipulation contained a statement that the payment was in satisfaction of a disputed claim and was not an admission of any liability by either the employer or its insurers, who are the defendants. At the time, the state was furnishing hospital care to the plaintiff and it continued to do so. It applied to the commissioner for a reopening of his award of October 22, 1947, and for an order directing the defendants to reimburse it for the hospital care. The commissioner denied the application, and the appeal by the state was dismissed by the Superior Court. The state has ap-

pealed to this court and the defendants have also appealed.

At the hearing before the commissioner the state was represented by Assistant Attorney General Cannon and the following occurred: "Commissioner: Now, you understand, Mr. Cannon, there is no admission of liability in this stipulation so it is encumbent on the State of Connecticut to prove that this man has a disabling silicosis which is due to his employment at Russell and Erwin — unless they want to admit it. Mr. Cannon: That is my understanding." This was an admission on which the commissioner was entitled to rely. *Kiss* v. *Kahm*, 132 Conn. 593, 595, 46 A. 2d 337; *Abbott* v. *Lee*, 86 Conn. 392, 401, 85 A. 526; see 9 Wigmore, Evidence (3d Ed.) §§ 2588, 2597.

After hearing the evidence, the commissioner found that "the State failed to sustain the burden of proof that the claimant had sustained an occupational disease arising out of and in the course of his employment with the employer-respondent herein." The state has assigned error in this vital finding.

Its claim that the award on the stipulation for adjustment imports that a compensable claim existed is without merit. The stipulation contained no admission, nor the award any finding, to that effect. It is true that under *Sugrue* v. *Champion*, 128 Conn. 574, 578, 24 A. 2d 890, and *Wallace* v. *Lux Clock Co.*, 120 Conn. 280, 284, 180 A. 466, such an award is subject to modification in accordance with the provisions of General Statutes, § 7434. These cases do not hold that the award establishes the existence of a compensable claim. If we assume, without deciding, that the award is equivalent to a consent judgment, as claimed by the state, the latter's position is not improved. A consent judgment is a contract between the parties approved by the court, and its terms may not be extended beyond the

agreement entered into. *Butler* v. *Denton*, 57 F. Sup. 656, 660, aff'd, 150 F. 2d 687. It is not an adjudication on the merits. *New York Central & H. R. R. Co.* v. *T. Stuart & Son Co.*, 260 Mass. 242, 248, 157 N. E. 540; 49 C. J. S. 308. The stipulation in the case at bar contained a specific disclaimer of liability. Neither the award nor the evidence printed in support of this assignment of error requires the elimination of the finding under discussion.

The recovery of medical expenses in a workmen's compensation case must be based on a compensable injury. *Pacific Employers Ins. Co.* v. *French*, 212 Cal. 139, 141, 298 P. 23; *Morey Mercantile Co.* v. *Flynt*, 97 Colo. 163, 165, 47 P. 2d 864; *Merrimac Anthracite Coal Corporation* v. *Showalter*, 158 Va. 227, 231, 163 S. E. 73; note, 143 A. L. R. 1264. The commissioner has found that no compensable injury was proven. The court was justified in dismissing the state's appeal.

The record presents other questions of law but as this conclusion is decisive of the state's appeal they are not discussed. The defendants appealed on the principal ground that the commissioner erred in considering the claim of the state in view of the terms of the stipulation. They do not insist on a consideration of their appeal if no error is found on the appeal of the state.

There is no error on the state's appeal. The defendants are given permission to withdraw their appeal.

In this opinion the other judges concurred.