**Ambrose GIFFING, Plaintiff,**

v.

**Joseph GWINN et al., Defendants.**

Superior Court of Delaware,
New Castle.

April 23, 1971.

William J. Alsentzer, Jr., of Bayard, Brill & Handelman, Wilmington, for plaintiff.

Daniel B. Ferry, Wilmington, for defendants.

OPINION

STOREY, Judge.

On September 14, 1968 an accident occurred in Avondale, Pennsylvania, involving a truck, driven by Joseph Gwinn, and several parked automobiles. Subsequently, Gwinn and his employer, Timko Brothers, Inc., were sued in Justice of the Peace Court 13 in New Castle County, Delaware, by the owner of one of the automobiles. Plaintiff there alleged negligence on the part of Gwinn and imputed negligence on the part of Timko Brothers, Inc. On January 21, 1969, Joseph Gwinn and Paul Timko each consented to judgment, and the Court accordingly entered judgment against them both on that date.

On September 11, 1970, plaintiff in the instant case, who is the owner of another of the automobiles involved in the accident, filed suit against the defendants here, alleging specific acts of negligence on the part of Gwinn and imputed negligence on the part of the other defendants as Gwinn's employers. On October 16, 1970 a

default judgment was entered against the defendant Gwinn.

Plaintiff now moves for summary judgment against Timko Brothers, Inc., arguing that the judgment in the Justice of the Peace Court in the previous suit is res judicata here, and that having had an opportunity to litigate the issues of Gwinn's negligence and agent status there, Timko Brothers, Inc. is estopped to raise defenses to those issues in the present case. The question is one of determining the effect to be given a consent judgment as res judicata when urged by one not a party to the previous suit.

An examination of the cases reveals no prior Delaware decision precisely on point and a split of authority among other jurisdictions. The difficulty lies in deciding how to characterize a consent judgment—whether it is the equivalent of a judgment on the merits, in which case the issues are considered to have been heard and affirmatively decided by the Court, Kelleher v. Lozzi, 7 N.J. 17, 80 A.2d 196 (1951), or whether the entry of a consent judgment is merely a ministerial act of the Court in approving a settlement reached by the parties. Texas and Pacific Railway Co. v. Southern Pacific Co., 137 U.S. 48, at 56, 11 S.Ct. 10, 34 L.Ed. 614 (1890). In the former view, a judgment entered by a court of competent jurisdiction on consent of the parties is no different from any other judgment, therefore, the normal rules of res judicata apply. In the latter view, a consent judgment should not be res judicata because no issues have actually been litigated, the judgment being a contract between the parties which is not based on findings by the Court. Edwards v. Gifford, 137 Tex. 559, 155 S.W.2d 786 (1941).

The rule in Connecticut appears to be that a consent judgment is not an adjudication on the merits. Owsiejko v. American Hardware Corp., 137 Conn. 185, 75 A. 2d 404 (1950). In Massachusetts there is apparently one rule for actions at law and a different rule in equity. In the latter case, consent judgments do not act as res judicata, Cutter v. Arlington Casket Co., 255 Mass. 52, 151 N.E. 167 (1926), while in actions at law they may be res judicata in those instances not limited by statute. Macheras v. Syrmopoulos, 319 Mass. 485, 66 N.E.2d 351 (1946). See also Mass. Ann.Laws, ch. 231, sec. 140A (1952). The Massachusetts Courts offer no reason for this apparent inconsistency.

A case very similar to the present case on its facts was decided in Kentucky in 1949. There the defendant's truck struck two other automobiles. A consent judgment was entered against him in one action. Thereafter, the second plaintiff sued defendant and urged that the prior judgment was determinative of issues in the second case. The Court, in denying the contention, stated that:

"* * * a judgment by agreement or consent, since no inquiries are made into the merits or equities of the case by the court, constitutes only the agreement of the parties * * * The court does not settle the grounds or the terms of it; it is not the judgment of the court, except in the sense that the court allows it to go upon the record and have the force and effect of a judgment."

Burgess v. Consider H. Willett, Inc., 311 Ky. 745, 225 S.W.2d 315 (1949).

In Pennsylvania it appears that a consent decree may be binding in subsequent actions between the same parties. Zampetti v. Cavanaugh, 406 Pa. 259, 176 A.2d 906 (1962). However, there is a different result when a third party seeks judgment against one who has earlier consented to judgment. In the latter case res judicata does not apply. Blanchard v. Wilt, 410 Pa. 356, 188 A.2d 722 (1963).

Hentschel v. Smith, 278 Minn. 86, 153 N.W.2d 199 (1967), a Minnesota case, contains a good discussion of the policies fa-

voring limited application of res judicata where there is a prior consent judgment, and lists several jurisdictions which so hold. See also James, Consent Judgments as Collateral Estoppel, 108 U. of Pa.L.Rev. 173 (1959).

There is also an inconsistency on the point among federal courts. In the 10th Circuit a consent judgment is not regarded as a "judicial determination by the court of any litigated right", and the doctrine of collateral estoppel is not available to one not a party to the prior action. Fruehauf Trailer Co. v. Gilmore, 167 F.2d 324 (10th Cir. 1948). Further, the 7th Circuit has refused to treat a consent judgment as res judicata. Granzow v. Village of Lyons, Ill., 89 F.2d 83 (7th Cir. 1937). In A. D. Juilliard and Co. v. Johnson, 259 F.2d 837 (2nd Cir. 1958), the Court upheld the decision of a New York Federal District Court that a consent decree cannot operate as collateral estoppel.

 This Court is persuaded by the arguments and authority against treating consent judgments as res judicata, at least where, as here, the judgment is asserted by one not a party to the prior action. An admission of judgment in our Justice of the Peace Courts is a settlement sanctioned by those courts. No findings are made nor issues of law resolved. This Court feels that such settlements should not be discouraged by extending their consequences beyond those contemplated by the parties at the time of the agreement. In so ruling, this Court does not feel that it is operating *contra* to the maxim that res judicata should apply in order that there may be an end to litigation. Since there was no actual litigation in the first case, the defendant has yet to have his first day in court.

The motion of the plaintiff for summary judgment against Timko Brothers, Inc. is denied.

It is so ordered.