[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
APPLICATION FOR PRE-JUDGMENT REMEDY
This is an action by a seller of real estate to enforce the terms of the sale and for damages.
On April 1, 1989, Costos Jones entered into a written agreement with A. Aiudi Sons, a partnership to sell a tract of land in the Town of Plainville, Connecticut. The agreement provided for the transfer of title on or before October 1, 1989.
The plaintiff, in his affidavit, recites that, as a partner of the plaintiff, he entered into a real estate sales agreement with A. Aiudi Sons, a general partnership with Elmo R. Aiudi and Joseph A. Aiudi as partners.
The plaintiff alleges that although it has been ready, willing, and able to perform under the agreement, the defendant has refused to consumate the purchase.
The purchase price recited in the sales agreement was $3,800,000.00, consisting of a deposit of $20,000.00 plus a balance of $3,780,000.00. The plaintiff seeks a pre-judgment remedy attachment for $3,000,000.00 against the real properties of the two partners, Elmo R. Aiudi and Joseph A. Aiudi, and to garnish the bank accounts of all of the defendants.
The defendants raise three issues which they claim is a bar to the court finding probable cause for this pre-judgment remedy action. The first is that time was not of the essence and therefore there is no present breach of the agreement. Second, that the plaintiff is estopped or has waived its right to enforce the specific date of performance. Three, that the agreement is unenforceable since it does not satisfy the statute of frauds.
Conn. Gen. Stat. sec. 52-440 (Statute of Frauds) requires any agreement for the sale of real estate to be made in writing.
 "To comply with the statute of frauds `an agreement must state the contract with such certainty that its essentials can be known from the memorandum itself, without the aid of parol proof, or from a reference contained therein to some other writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement.' Montanaro v. Pandolfini, 148 Conn. 153, 157, 168 A.2d 550 (1961)."
Breen v. Phelps, 186 Conn. 86, 92 (1982). CT Page 3498
The defendants argue that the provision in the sales agreement providing for a purchase money mortgage of $1,900,000.00 violates the Statute of Frauds because the condominium release clause is unclear and ambiguous. The purchase money mortgage, as described in the sales agreement is for $1,900,000.00 at the rate of 10% per annum due and payable in one year. The agreement, as to the purchase money mortgage recited "Condominium units shall be released in accordance with payment of principal in accordance with condominium units retained."
We agree with the defendants argument that the release clause in the purchase money mortgage of $1,900,000.00 is not sufficient to determine what amount of principal and interest would be due on the sale of each condominium unit during the life of the mortgage. The total number of condominium units in Schedule A is 120 units, plus a 19 lot subdivision. If a condominium unit were sold during the one year period of the mortgage, we would need to know the amount of the release as pertains to each condominium unit sold. This determination becomes more difficult because of the 19 lot subdivision included on the property. Given the present language of the purchase money mortgage in the purchase agreement, one would have to resort to either speculation or to parol evidence to make such a determination. Where parol evidence is necessary to establish the undertaking of the parties to a purchase agreement, the contract is rendered insufficient to comply with the statute of frauds. Carta v. Marino, 13 Conn. 677, 680-81 (1988). See also Turner v. Hobson, 16 Conn. 240, 242-43 (1988).
ParAgraph 3 of Schedule A of the purchase agreement requires the seller to negotiate with the First Baptist Church of Plainville to grant the church an easement to connect its sanitary sewers and water lines to be installed by the purchasers in the 19 lot subdivision and the 120 unit condominium project. This paragraph raises the issue of whether or not the obligation of the seller to negotiate is a condition precedent or a promise.
 "A condition precedent is a fact or event which the parties intend must exist or take place before there is a right to performance. McIsaac v. Hale, 104 Conn. 374, 379, 132 A. 916; McFarland v. Sikes, 54 Conn. 250, 251 7 A. 408; 3 Corbin, Contracts; Section 628 at p. 515, Section 629; 5 Page, Contracts (2d Ed.) Section 2586; Restatement, CT Page 3499 1 Contracts Section 250. A condition is distinguished from a promise in that it creates no right or duty in and of itself but is merely a limiting or modifying factor. 3 Corbin, Contracts, Section 633. If the condition is not fulfilled, the right to enforce the contract does not come into existence. Bialeck v. Hartford, 135 Conn. 551, 556, 66 A.2d 610; Sheketoff v. Prevedine, 133 Conn. 389, 393, 51 A.2d 922
Fischer v. Kennedy, 106 Conn. 484, 490, 138 A. 503; Webb v. Moeller, 87 Conn. 138, 141, 87 A. 277; 3 Silliston, Contracts (Rev. Ed.) Section 675; Restatement, 1 Contracts Section 257. Whether a provision in a contract is a condition the nonfulfillment of which excuses performance depends upon the intent of the parties, to be ascertained from a fair and reasonable construction of the language used in the light of all the surrounding circumstances when they executed the contract. New Haven Sand Blast Co. v. Dreisbach, 102 Conn. 169, 180, 128 A. 320; Sugrue v. Champion, 128 Conn. 574, 577, 24 A.2d 890; 3 Corbin, Contracts, p. 544, 5 Page, Contracts (2d Ed.) Section 2579."
Lach v. Cahill, 138 Conn. 418, 421 (1951).
The language of the agreement expresses an intent that the provision in paragraph 3 of Schedule A is a condition precedent to the performance of the contract. Paragraph 3 makes the connection by the First Baptist Church of its sanitary sewer and water lines a "must". The seller is to receive compensation for the connection from the church. We draw this conclusion from the fact that when title is transferred from seller to buyer, the seller will have no title interest with which to grant the church an easement. Somewhat confusing about paragraph 3 is that until the buyer installs the sanitary sewer lines and water lines on the subject premises, no tie in by the church can be made. The agreement is silent as to the time for these conditions to occur.
Without the fulfillment of the condition precedent in paragraph 3, the right to enforce this contract by the plaintiff does not come into existence. Id.
Accordingly, based upon the foregoing reasons, we fail to find probable cause to support the application for a CT Page 3500 pre-judgment remedy. The application is therefore denied.
The issues of estoppel, waiver, and time of the essence are not crucial to the issue of probable cause and may be more appropriately raised as a special defense. See Connecticut Practice Book Section 164.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT.