[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS AND MOTION TO STAY
Before the Court is a Motion to Dismiss a foreclosure action. The motion filed by the defendant Jeffrey J. Giovacchino alleges a lack of personal and subject matter jurisdiction by the Court. The basis for the defendant Jeffrey J. Giovacchino's claim is the lack of service of process and the insufficiency of such process.
There are other motions as well pending before the court including Motions for Default for failing to disclose a defense and for failing to plead as well as a Motion for Stay by the defendant Cynthia Giovacchino.
The Court will first consider the Motion to Dismiss. Such a motion, since it challenges the jurisdiction of the court takes precedence over all other motions. The evidence presented to the court showed that the sheriff attempted to make abode service by leaving the Writ Summons and Complaint at 61 Edmunds Road, Oxford. This proved to be the residence of Carol Edwards, while Jeffrey Giovacchino resided at 67 Edmunds Road. The mail boxes for both 61 and 67 Edmunds Road were in front of 61 Edmunds Road.
The papers, when they were discovered by Edwards, were turned over to her brother, the father of the defendants herein. He in turn turned them over to his daughter Cynthia Giovacchino, Jeffrey's sister. The sister then arranged for Attorney Vaccaro to represent him. The defendant Jeffrey Giovacchino testified that he was never served with the papers and in fact had never seen them and that his abode was in fact 67 Edmunds Road.
These facts indicate that there has been a failure of service as it relates to the defendant, Jeffrey Giovacchino. "There is no substitute for `in hand' or abode service in accordance with52-54, where jurisdiction over the person of a resident individual is sought. . . ." White-Bowman Plumbing and Heating, Inc. v. Biafore,182 Conn. 14, 17. The Motion to Dismiss as to the defendant Jeffrey Giovacchino is hereby granted.
 II.
The Motion for Stay has been filed on behalf of the defendant Cynthia Giovacchino. The defendant and the plaintiff had previously been married and the mortgage being foreclosed is a result of the settlement agreement reached at the time of the dissolution. A consent decree dissolved their marriage on November 30, 1990. There was never any motion filed to set aside the decree nor was any CT Page 6908 appeal filed as to the decree. Subsequently, by writ dated June 3, 1991 the defendant in a separate action is attempting to have the judgment set aside as it relates to the disposition of their assets only. In that action, the defendant Cynthia Giovacchino alleges that the entry of the consent decree was under duress, without informed consent and was the result of misrepresentation, coercion, and mistake.
 "When parties to a law suit voluntarily enter into a consent decree that is entered on the court records, certain well established consequences follow. Although a consent judgment is a contract, rather than an adjudication on the merits, Owsiejko v. American Hardware Corporation, 137 Conn. 185, 187-88, 75 A.2d 404 (1950); such a judgment is as conclusive as if it had been rendered upon controverted facts. Bryan v. Reynolds, 143 Conn. 456, 460-62, 129 A.2d 192 (1956). A consent decree cannot be opened, even in the trial court, after expiration of the time for the filing of a motion to open judgment pursuant to 52-212a and Practice Book 326, without a showing that the decree was obtained by fraud, duress, accident or mistake. Celanese Fiber v. Pic Yarns Inc., 184 Conn. 461, 466, 440 A.2d 159 (1981); Kenworthy v. Kenworthy, 180 Conn. 129, 131, 429 A.2d 837 (1980); Sparaco v. Tenney, 179 Conn. 436, 437-38, 399 A.2d 1261 (1978); Bryan v. Reynolds, supra, . . . ." Connecticut Pharmaceutical Assn. Inc. v. Milano, 191 Conn. 555, 558.
In the case of Kenworthy v. Kenworthy, supra, 131, our Supreme Court stated:
 "It is a well established general rule that even a judgment rendered by the court upon the consent of the parties, which is in the nature of a contract to which the court has given its approval, can subsequently be reopened without the assent of the parties if it is shown that the stipulation, and hence the judgment, was obtained by fraud, in the actual absence of consent or by mutual mistake." (citations omitted).
While this court expresses no opinion as to the propriety of defendants action in filing a separate suit to compel a new trial it nevertheless takes judicial notice of the allegations contained therein. See Giovacchino v. Licsak, Return Date June 25, 1991, Judicial District of Ansonia/Milford, and the fact that were those allegations proven, the judgment might be reopened.
This Court therefore grants a Stay in this action pending a decision in the matter of Giovacchino v. Licsak, supra. CT Page 6909
In view of the above the court finds it unnecessary to rule on the Motions for Default.
THE COURT
CURRAN, J.