[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO EXTEND TIME FOR PAYMENT
The parties to the above action by a settlement agreement dated May 22, 1997 entered judgment on May 23, 1997 in accordance with the terms of the agreement.
The court need not recite the terms contained therein since the agreement is part of the record. On March 2, 1998 an additional payment of the sum of $100,000 for each plaintiff was CT Page 4465 due. Prior to March 2, 1998 the defendants moved for an extension to March 17, 1998. A second motion was filed March 16, 1998 and a third motion was filed April 3, 1998 seeking an extension to May 4, 1998. The court heard the motion on April 6, 1998 ordering briefs for April 13, 1998.
The defendants argue in its post judgment brief dated April 13, 1998 that the terms of a stipulated judgment may not be enlarged or lessened by the court but that the court does have the inherent power in exercise of its equitable power to fashion whatever orders are required to protect the integrity of the original stipulated judgment.
The plaintiffs argue that the agreement in this case was a result of extensive bargaining and that the deadlines for payment were expressly stated. The plaintiffs cite Mihalyak v. Mihalyak,11 Conn. App. 610, 616 (1987). "Stipulated judgment is a binding contract and construction and interpretation of the agreement necessarily depends on the intent of the parties as manifested by the language of the agreement." The plaintiffs further argue that the defendants' motion for extension of time must be denied as procedurally improper and that the defendants' remedy at this point is to file a motion seeking to reopen or set aside the judgment. The plaintiffs further argue correctly that the court has no power to vary the terms of a stipulated judgment Bryan v.Reynolds, 143 Conn. 456, 461 (1956). The terms of a consent judgment may not be extended beyond the agreement enteredOwsiejko v. American Hardware Corp., 137 Conn. 185, 187-88. The plaintiffs argue
 A court has no more power to partially modify or vacate a consent judgment or decree than it would have to modify a contract between the same parties. . . . Judgments, 47 Am.Jur.2d § 753, at 239. Although the court "has the power to issue orders necessary to protect the integrity of the stipulated judgment . . . it may not enlarge or lessen the scope of the agreement." Bank of Boston Connecticut v. DeGroff, 31 Conn. App. 253, 256 (1993).
 The simple fact is that defendants seek to have the court change the bargain that they agreed to by extending the ordered date for compliance, over plaintiffs' objection. However, "a consent judgment may not be amended, modified, or corrected in any essential particular except with the consent of all the parties thereto . . ." Judgments, 49 C.J.S. § 370, at 516.
CT Page 4466
The court has not considered a claim for non-compliance of the judgment. The court accordingly rejects any testimony for the testimony of the financial advisor in deciding the motion for extension of time.
Motion for extension of time is denied.
MEADOW, S.T.R.