JOHN W. BRYAN ET AL. *v.* KARL B. REYNOLDS ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued May 8—decided May 29, 1956

*Nelson Harris,* with whom, on the brief, was *Joseph R. Apter,* for the appellants (plaintiffs).

*Macgregor Kilpatrick,* for the appellees (defendants).

O'SULLIVAN, J.   John W. Bryan and Muriel S. Bryan instituted this action against Karl B. Reynolds, Lewis E. Uhl and John P. Uhl.   The action was returnable to the Superior Court at New Ha-

ven, where it was docketed as case No. 81465. The complaint is in three counts. Under the first count, the named plaintiff seeks an injunction to restrain the defendants from proceeding further against him in a summary process action pending in the Town Court of Branford and docketed as case No. 434A; under the second, both plaintiffs seek damages from the defendants for an alleged breach of contract; and under the third, the plaintiff Muriel S. Bryan seeks an injunction to restrain the defendants from further prosecution of an action, brought to the Court of Common Pleas in New Haven County and there docketed as case No. 51503, wherein damages are sought from her for the use and occupancy of the premises which are the subject matter of the summary process action mentioned in the first count.

On March 15, 1955, Karl B. Reynolds, Lewis E. Uhl and John P. Uhl, the defendants in the case at bar, sued John W. Bryan and Muriel S. Bryan, the plaintiffs in the case at bar, in an action in which legal and equitable relief was demanded. The writ was returnable to the Superior Court at New Haven on the first Tuesday of April, 1955, and, when returned, was docketed as case No. 81547.

On April 20, 1955, counsel for Reynolds and the Uhls, on the one hand, and counsel for the Bryans, on the other, appeared before *Roberts, J.,* presiding at a session of the Superior Court at New Haven. The following colloquy, as disclosed by the stenographer's minutes, then occurred: "The Court—I'll take up for the moment the cases of 81547, *Reynolds* versus *Bryan,* and 81465, *Bryan* versus *Reynolds.* I believe you gentlemen have a stipulation? Mr. Kilpatrick [counsel for Reynolds et al.]—If it please the Court, in 81465, *Bryan* against *Reynolds,*

the parties have stipulated that the complaint may be dismissed. As to 81547, *Reynolds* versus *Bryan,* the parties have stipulated that if the sum of $16,600 is not paid to the plaintiffs within a period of thirty days from today, a mandatory injunction may issue to vacate the premises subject to the action; and, further, that upon payment to the plaintiffs of said sum all outstanding causes of action will be withdrawn without further costs, and those actions are Superior Court No. 81547, Common Pleas Court No. 51503, and the Branford Town Court No. 434A. It is further stipulated that all of the aforesaid cases are to remain pending until this stipulation is complied with. The Court—You say thirty days. I think we had better have a set day. Suppose you make it May 20, which is one month from today. . . . Mr. Harris [counsel for the Bryans]—So stipulated. We want to thank your Honor very much for your efforts. Mr. Kilpatrick—Should I add to that stipulation, your Honor please, that the quitclaim—— The Court— Upon the payment of this sum mentioned, which is $16,600, the plaintiffs, that is, Reynolds, will give a good and sufficient quitclaim deed to the defendants or whomever they may nominate. Counsel are present and they both agree."

On May 19, 1955, the Bryans filed a motion to extend for two weeks the time referred to in the stipulation made in open court on April 20. The court granted the motion in part by extending the time until May 27. On that date, John W. Bryan appeared in court by counsel and, upon his request, the court granted an additional extension to June 1 but, in doing so, observed that no further extension would be ordered and that judgment would enter on that date in conformity with the stipulation of

April 20. On June 1 counsel for Reynolds and the Uhls appeared in court but neither of the Bryans was in attendance, nor was their counsel. Upon motion then made, the court entered judgment in case No. 81547, ordering the Bryans to vacate certain premises in Branford. It also entered judgment in case No. 81465 (the case at bar) dismissing the action. The Bryans have appealed from the latter judgment. The sole issue involved in the appeal is whether they were bound by the oral stipulation of April 20 and, if so, whether the stipulation authorized the court to dismiss action No. 81465.

The Superior Court, having had jurisdiction of the subject matter, had inherent power to enter judgment by stipulation. Such a judgment is not a judicial determination of any litigated right. *New York Cent. & H. R. R. Co.* v. *T. Stuart & Son Co.,* 260 Mass. 242, 248, 157 N.E. 540; *Dulles* v. *Dulles,* 369 Pa. 101, 107, 85 A.2d 134. It may be defined as a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. *Owsiejko* v. *American Hardware Corporation,* 137 Conn. 185, 187, 75 A.2d 404; *Risk* v. *Director,* 141 Neb. 488, 496, 3 N.W.2d 922. "[It is] the result of a contract and its embodiment in a form which places it and the matters covered by it beyond further controversy." 3 Freeman, Judgments (5th Ed.) p. 2774. The essence of the judgment is that the parties to the litigation have voluntarily entered into an agreement setting their dispute or disputes at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement. *Harter* v. *King County,* 11 Wash. 2d 583, 591, 119 P.2d 919.

It necessarily follows that if the judgment con-

forms to the stipulation it cannot be altered or set aside without the consent of all the parties, unless it is shown that the stipulation was obtained by fraud, accident or mistake. *Riggs* v. *Barrett,* 308 Ill. App. 549, 564, 32 N.E.2d 382; *Byron* v. *Concord National Bank,* 299 Mass. 438, 443, 13 N.E.2d 13; *Barnes* v. *American Fertilizer Co.,* 144 Va. 692, 720, 130 S.E. 902; 3 Freeman, op. cit., § 1352. For a judgment by consent is just as conclusive as one rendered upon controverted facts. *Fidelity & Casualty Co.* v. *Jacob Ruppert, Inc.,* 135 Conn. 307, 313, 63 A.2d 849. Ordinarily, it cannot be appealed from or reviewed. *Shaw* v. *Spelke,* 110 Conn. 208, 215, 147 A. 675. If, however, the judgment does not conform to the stipulation, relief may be had, since the terms of the stipulation may not be enlarged or lessened by the court. *Owsiejko* v. *American Hardware Corporation,* supra. And if the record discloses a lack of conformity between stipulation and judgment, an appeal may properly be taken from the refusal of the court to grant a motion to correct the judgment.

Although the plaintiffs failed to address such a motion to the court, we have examined their claims in the light of the record of the case at bar and of case No. 81547, of which we have taken judicial notice. See Maltbie, Conn. App. Proc., § 158. Their grievances have no substance. We are not concerned with any question as to the authority of counsel to join in the consent judgment, for no such question has been raised. The only matter for our determination, at this point, is whether the judgment dismissing the case at bar conformed to the terms of the stipulation. The answer is clearly in the affirmative. The court construed the stipulation as one requiring the dismissal of case No.

81465 and the entering of a mandatory order in case No. 81547, unless the Bryans paid to their adversaries the sum of $16,600 before May 20, a date subsequently extended to June 1. Because of their failure to pay that sum, the court had no other alternative than to enter the judgments which it did. The statement in the stipulation that "all of the aforesaid cases are to remain pending until this stipulation is complied with" meant no more than that no judgment in any of the mentioned cases could be entered until the expiration of the time during which the Bryans were to pay the agreed sum.

There is no error.

In this opinion the other judges concurred.