THE LIBERTY BANK FOR SAVINGS *v.*
JOHN ARMSTRONG ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 952

Argued September 9—decided December 19, 1980

*John C. Wirzbicki,* for the appellant (defendant Susan Armstrong).

*Thomas F. McGarry,* for the appellee (plaintiff).

PER CURIAM. When this case was called for trial the attorney for the defendant[2] stated that he agreed that judgment on the complaint, which alleged a cause of action upon a promissory note executed by the named defendant and another,

[2] This suit was brought against two defendants, John Armstrong and Susan Armstrong. A default for failure to appear was entered against John Armstrong. Only the defendant Susan Armstrong has appealed from the judgment, which runs against both defendants. Our reference to the defendant in this opinion is to the appellant, Susan Armstrong.

should enter for the plaintiff in the amount of the affidavit of debt, $794.10, plus a reasonable attorney's fee. With respect to the counterclaim of the defendant, which sought damages and attorney's fees for three claimed violations of the Connecticut Truth-In-Lending Act; General Statutes §§ 36-393 through 36-417; the plaintiff conceded that it had violated the act by failing to include in its disclosure statement the address and telephone number where inquiries relating to billing errors might be directed, as required by General Statutes § 36-406 (a) (9). The plaintiff also agreed that the court might properly assess the statutory penalty for such a technical violation. General Statutes § 36-407 (a) (2) (A) provides that in addition to any actual damages sustained, the debtor may recover twice the amount of the finance charge for a violation of the Truth-In-Lending Act. It was not disputed that the amount to be awarded the defendant on the counterclaim was $468.32 plus a reasonable attorney's fee. As the case was submitted to the trial court it appeared that the only issues remaining to be decided were the amounts to be recovered by each party for attorney's fees.

The trial court filed a memorandum of decision in which it concluded that the one violation of the Truth-In-Lending Act conceded by the plaintiff was not of sufficient gravity to warrant any relief and that there was no merit in claims of two other violations.[3] Judgment was entered for the plaintiff on both the complaint and the counterclaim.

The defendant has appealed upon several grounds, only one of which we need discuss. She claims that the court erred in rendering a judgment contrary

[3] As this defendant concedes, the existence of more than one violation of the Truth-In-Lending Act in the same transaction would not increase the amount of damages which she might recover on the counterclaim. General Statutes § 36-407 (g).

to the agreement of the parties without first notifying them that the agreement was being rejected. We agree with this contention.

A judgment by stipulation is not a judicial determination of any litigated right but a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. *Bryan* v. *Reynolds,* 143 Conn. 456, 460, 123 A.2d 192 (1956). The terms of the stipulation may not be enlarged or diminished by the court. Id., 461; *Owsiejko* v. *American Hardware Corporation,* 137 Conn. 185, 187–88, 75 A.2d 404 (1950). "A judgment by consent is in effect an admission by the parties that the decree is a just determination of their rights on the real facts of the case had they been found." *Shaw* v. *Spelke,* 110 Conn. 208, 215, 147 A. 675 (1929).

The record is clear that the judgment on the counterclaim in this case does not correspond to the agreement of the parties. The plaintiff, in whose favor that judgment was rendered, does not claim otherwise, but contends that the court was not obliged to accept the stipulation of the parties.

Since a judge is not a mere umpire in a forensic encounter but a minister of justice, it follows that an agreement is not necessarily binding upon the court and may justifiably be disregarded under the circumstances of a particular case. *Peiter* v. *Degenring,* 136 Conn. 331, 337–38, 71 A.2d 87 (1949). Ordinarily, however, stipulations of the parties should be adopted by the court. *Central Coat, Apron & Linen Service, Inc.* v. *Indemnity Ins. Co.,* 136 Conn. 234, 236, 70 A.2d 126 (1949). Where the court for some reason concludes that an agreement ought not to be followed, it should state its disapproval on the record as well as the reason therefor. The court should not proceed to decide the case

632

without providing the parties an opportunity to present evidence. It was error for the court here to render judgment on the counterclaim in disregard of the stipulation without first notifying the parties of its disapproval and affording them an opportunity to litigate the issues fully.

Since the stipulation in respect to the counterclaim was accompanied by a stipulation with respect to the complaint which the court did adopt, the judgment on both the counterclaim and the complaint must be set aside.

There is error, the judgment on both the complaint and the counterclaim is vacated and the case is remanded for a new trial.

SHEA, DALY and BIELUCH, Js., participated in this decision.