## Tomasina Banks *v.* Milton Evans
### (3619)

Dupont, C. J., Borden and Bieluch, Js.

Submitted on briefs January 8—decision released February 11, 1986

*Bruce L. Levin* filed a brief for the appellant (defendant).

*Joseph I. Lieberman,* attorney general, and *Seymour P. Dunn,* assistant attorney general, filed a brief for the appellee (plaintiff).

Per Curiam. The only issues in this paternity case involve the propriety of the trial court's actions (1) in permitting the defendant's counsel to withdraw as counsel immediately after the trial, and (2) in denying the defendant's subsequent motion to open the judgment filed pursuant to Practice Book § 326. We find no error.

The paternity action was brought in early 1982. The defendant appeared by his counsel and filed an answer. Subsequently, his counsel moved to withdraw, asserting lack of cooperation by the defendant. The plaintiff objected to this motion and it went off the calendar.

Ultimately, in 1984, the case was assigned for trial. The defendant's counsel thereupon filed a second motion to withdraw, dated June 15, 1984, claiming that the defendant refused to respond to counsel's telephone calls and letters, and that counsel could not, therefore, properly defend the action.

The trial was held on September 25, 1984. The defendant was not present. Immediately prior to the trial, the defendant's counsel pressed his pending motion to withdraw, and informed the court of his previous motion to withdraw. He also informed the court that, after the trial assignment, he had sent the defendant a certified letter at his place of employment, the Norwalk National Guard Armory, which letter was returned in June. He also stated that he had finally contacted the defendant the day of trial at the Stratford National Guard Armory, had informed the defendant of the impending trial, and had told him of the results of a paternity blood test which the defendant had taken. That result indicated a 97.7 percent likelihood that the defendant was the father of the child involved. The defendant even then failed to appear in court for his defense at trial. The court responded to the defendant's attorney: "You may protect your client's interest through the end of trial. And then I'll remove you as counsel and you can inform your client that he has a right to appeal, [and] right to reopen judgment." The trial proceeded, resulting in a judgment for the plaintiff. After the judgment was rendered, the court granted counsel's motion to withdraw. The court specifically found that counsel had "discharged his obligations to the defendant in the highest traditions of the bar," and that the defendant did not cooperate with his counsel or appear for trial after being notified.

Within four months, the defendant, through new counsel, moved to open the judgment pursuant to Prac-

tice Book § 326. His affidavit in support of this motion stated that he had received no notice prior to September 25, 1984, that the case would be tried on that day. It also recited that on the same afternoon, while on military duty, he received a telephone call from his attorney advising him, for the first time, that the case would be tried that day and that he would have to be in court in fifteen minutes. He allegedly told his attorney that he would be unable to leave at that time. The affidavit also stated that the defendant had a good defense to the paternity action, namely, that he was not the father of the child, that he had never had vaginal intercourse with the plaintiff, and that she had acknowledged to him and to others that another man was the father of her child.

The court heard the defendant's motion to open judgment on June 18, 1985. Neither the defendant nor his new attorney was present in court. The defendant's former attorney, presented as a witness in opposition to the defendant's motion to open judgment, testified as follows: After he filed his appearance for the defendant in early 1982, the defendant failed to respond to his letters and telephone calls. After the blood test results were received, he received no response to his request that the defendant come to his office. The defendant did not respond to telephone messages left at the Norwalk and Stratford National Guard offices. He further testified that the defendant did not respond to certified and regular mail letters, and that he had met with no success in his final attempt, on September 25, 1984, to get the defendant to come to court. The court denied the motion to open the judgment.

The defendant first claims that the court erred in permitting his trial counsel to withdraw (1) because it effectively granted permission to withdraw *prior* to the trial,

and (2) because the record does not indicate that the defendant had reasonable notice that the trial was proceeding on that day. We disagree.

The record is clear that counsel was not permitted to withdraw until after the trial was concluded. We note that the defendant does not claim that counsel inadequately protected his interests during the trial held in his absence.

The entire record of this case also indicates that the notice to the defendant of the trial was reasonable under all the circumstances. The defendant's counsel told the court that he "finally made contact with" the defendant after receiving the trial calendar. In response to the court's question, "Is he going to come to court, ever?" the counsel replied, "I told him that it's down to showtime . . . . " The defendant gave the court no reason to doubt his counsel's representations to the court at the time of trial, or his counsel's testimony at the subsequent hearing on the motion to open judgment. Those representations and testimony adequately spell out the defendant's lack of cooperation in maintaining contact with his attorney. The defendant cannot insulate himself from his own attorney and then claim that his attorney failed to give him adequate notice of his trial date. The trial court did not abuse its discretion in granting the motion to withdraw. *Cascella* v. *Jay James Camera Shop, Inc.,* 147 Conn. 337, 340, 160 A.2d 899 (1960); see Practice Book § 77 (d).

Nor did the trial court err in denying the defendant's motion to open the judgment. Although the defendant stated in his affidavit that he had no notice of the trial date prior to the afternoon of trial and that he could not leave his job on such short notice, he did not appear in court at the hearing on his motion to open judgment to substantiate those statements. The former counsel

amplified for the court his futile efforts to make contact with the defendant, and the defendant's inadequate responses to those efforts. We cannot find that the court abused its discretion in denying the motion to open the judgment. *Manchester State Bank* v. *Reale,* 172 Conn. 520, 523–24, 375 A.2d 1009 (1977).

There is no error.