[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: #126, #128 and #129
The instant foreclosure action arose as a result of a default on a loan made by the plaintiff Connecticut Bank and Trust Company to the defendant Novametrix Realty Corp. and guaranteed by the defendant Novametrix Medical Systems, Inc. Said loan was secured by a mortgage on real estate owned by the defendant Novametrix Realty Corp. The parties entered into a written agreement entitled Settlement Agreement (Ex. A), dated November 27, 1990, whereby they sought to resolve any CT Page 10836 differences relative to the loan then in default and expedite resolution of a foreclosure action.
The Settlement Agreement provided, inter alia, that on the date title vested in the plaintiff in the foreclosure action it would execute and deliver to the defendants general releases in the form reflected in Exhibit C attached to said Settlement Agreement and that the lender would assume responsibility for the municipal taxes assessed on the involved realty from and after July 1, 1990.
The foreclosure action was commenced. Thereafter the parties entered into a Stipulation in Support of Motion For Judgment of Strict Foreclosure (Ex. 1), which stipulation was incorporated into a judgment of strict foreclosure rendered by this court (Celotto, J.) on March 18, 1991 (Pleading #119). Said Stipulation was substantially the same as the Settlement Agreement except that it made no provision for payment of municipal taxes.
Presently before the court is a motion (#126) by the defendants seeking an order requiring plaintiff to execute and deliver releases referred to in the Stipulation (Ex. 1) and plaintiff's motion (#129) For Enforcement of Settlement Agreement; defendants have filed a motion (#129) in opposition to plaintiff's motion.
The ultimate issue for decision by the court is whether any obligation on the part of the defendants to pay municipal taxes assessed in October 1989, if there be any, survived the Stipulation which was incorporated in the Judgment rendered on March 18, 1991. Parenthetically it should be noted that the Settlement Agreement does not expressly relate to any obligation on the part of the defendants in this regard. The plaintiff paid the taxes in question and now seeks reimbursement from the defendants.
A judgment by stipulation is in effect a contract acknowledged by the parties and ordered to be recorded by the court. "The essence of the judgment is that the parties to the litigation have voluntarily entered into an agreement setting their dispute or disputes at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement." Bryan v. Reynolds, 143 Conn. 456, 460.
The court finds that the involved parties entered into an agreement (Stipulation) which superseded the earlier agreement (Settlement Agreement).
The Judgment entered, which as noted above, incorporates the terms of the Stipulation, constitutes the ultimate agreement CT Page 10837 between the involved parties and concludes the dispute between them. No mention is made in the final agreement of any obligation on the part of the defendants to pay municipal taxes or to reimburse the plaintiff for any taxes which it may have paid. Further said Stipulation provides for the execution by the plaintiff and delivery to the defendants of general releases which are broad and sweeping in scope and embrace "Any and all claims which the Lender (Plaintiff) may now or hereafter have against the Borrower or the Guarantor (Defendants). . . arising out of the Indebtedness, the Loan Documents, the Guarantee or any acts of any party hereto undertaken or omitted in connection with the making of the Loans or the repayment or collection of the Indebtedness."
If it was the plaintiff's intention to perpetuate its claim relative to taxes the Stipulation and/or the releases would so reflect.
It is ORDERED:
(1) Defendants' Cross Motion (#126) is granted.
(2) Plaintiff's Motion (#128) is denied.
(3) Defendants' Objection to #128 (#129) is sustained.
JOHN C. FLANAGAN STATE TRIAL REFEREE