[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On March 25, 1993, plaintiff's motion for summary judgment as to liability only was granted. On March 29, 1993, the plaintiff filed an offer of judgment in the amount of $100,000.00. Prior to the expiration of the next thirty days, the plaintiff filed an amended offer of judgment on April 20, 1993 for $114,773.00. Subsequent to the filing of the first offer, but before the expiration of the thirty day period following the filing of the first offer, the defendant filed a notice of acceptance of the first offer on April 27, 1993 which offer was for $100,000.00. CT Page 4994
The plaintiff claims that the amended offer of judgment is a second offer which supercedes the first, and therefore, when the second offer of judgment was filed, there was no outstanding offer of judgment for $100,000.00 for the defendant to accept. The plaintiff thereafter claimed this matter to the Hearing in Damages list. The defendant moves to strike the Hearing in Damages claim on the basis that the acceptance of the first offer of $100,000.00 within thirty days results in a judgment for that amount.
The issue here is whether the filing of the second offer within the thirty day filing of the first offer revokes the first offer. If the filing of the second offer revoked the first offer, obviously, there was no $100,000.00 offer for the defendant to accept on April 27, 1993. If the second offer did not revoke the first offer, defendant's acceptance of the first offer would have resolved the case thereby eliminating the need for a hearing in damages.
C.G.S. 52-192a allows a plaintiff before trial to settle the case by agreeing to a stipulation for judgment by filing an offer of judgment directed to the defendant. The defendant, by virtue of 52-192a, is allowed thirty days from the date of the filing of the offer to accept it. If the offer is not accepted by the defendant within the thirty day period, the offer, by virtue of the statute, is deemed rejected.
Prior to its amendment in 1982, 52-192a[1] permitted a plaintiff to file multiple offers of judgment, and, if none were accepted, the case could go to trial. See Public Act 82-228; Kusha v. Respondowski, 3 Conn. App. 570, 573 (1985).
Sec. 52-192a allows the parties to voluntarily settle their cases so as to unclog overloaded dockets. Kusha, at p. 574. Sec. 52-192a also allows parties to an action to stipulate to a judgment.
 "A stipulated judgment has been defined by our Supreme Court as a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. Gillis v. Gillis, 214 Conn. 336, 339, 572 A.2d 323 (1990); Bryan v. Reynolds, 143 Conn. 456, 460, 123 A.2d 192 (1956). The essence of the judgment is that the parties to the CT Page 4995 litigation have voluntarily entered into an agreement setting their dispute at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement. Gillis v. Gillis, supra, 339-40."
Bank of Boston Connecticut v. DeGroff, 31 Conn. App. 253, 255
(1993).
Since the legal basis for the offer of judgment is in contract, it is appropriate for us to look to the law of contacts for a resolution of this problem.
It is a "basic principle of contract law that an offeror is the master of his offer, and therefore, is not obligated to make an offer on any terms except his own. See E. Farnsworth, contracts (1982) section 3.13." Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 256 (1988).
It is also a basic proposition in contract law that an offer may be revoked at any time prior to acceptance. 1 Williston, A Treatise on the Law of Contract (4th Ed. Lord) sec. 5:8.
The condition of the offer from the plaintiff to the defendant, by virtue of the plaintiff using the statutory offer of judgment procedure, is that the defendant has thirty days from the filing of the offer to accept. The defendant could have accepted the plaintiff's offer at any time prior to the expiration of the thirty day period to create a binding contract. The defendant chose to wait until one day before the expiration of the thirty day period before filing its acceptance. The delay by the defendant poses a risk that the offer may be revoked prior to his acceptance. Sec. 52-219a does not prohibit the offer to stipulate for judgment from being revoked. "[E]ven though the offeror specifies in his offer a definite time within which acceptance may be made, the offeror may, nevertheless, revoke his offer within that time period. This is true even if the offer expressly states that it shall not be withdrawn; revocation is still possible, since the promise not to withdraw the offer is not itself enforceable." 1 Williston, A Treatise on the Law of Contracts (4th Ed. Lord) sec. 5:8.
The failure of the defendant to accept the plaintiff's offer of $100,000.00 prior to its being revoked left the second offer of the plaintiff for $114,733.00 outstanding for thirty CT Page 4996 days. That offer, not having been accepted, is now deemed rejected.
Accordingly, the appropriate procedure now is to find the damages in this case since liability has been previously determined. See Just et al v. The Meriden Industrial Laundry, Inc., 8 Conn. L. Rptr. No. 16, 513 (April 19, 1993). Esposito, Jr. v. Jones, et al, 12 CLT 46, (November 24, 1986).
Defendants Motion to Strike the plaintiff's claim to the Hearing in Damages list is denied.
Aronson, J.