[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'SAPPLICATION FOR DISCHARGE OF NOTICE OF LISPENDENS
Louis C. Zowine for plaintiff.
Pro se defendant.
The plaintiff and the defendant, on December 14, 1993, entered into a stipulated judgment in a foreclosure case entitled Shawmut v. Knudsen, et al., Docket No. CV 90 029 96 63S. Part of the stipulation was "[t]hat upon payment by Mrs. Knudsen to the plaintiff on or before March 1, 1994, of three hundred fifty thousand dollars in good funds the bank, the plaintiff bank, will thereupon quitclaim Lots One, Three and Four to Mrs. Knudsen's designee. . . ." On March 1, 1994, Mrs. Knudsen's CT Page 6856 attorney requested "a short continuance for the closing." By return letters on March 2, 1994 and March 3, 1994, Shawmut's attorney indicated they would not agree to a continuance with the proviso that if certain proofs were provided, a continuance would be considered. No proofs were forthcoming.
Because the stipulation did not speak of "time is of the essence," Mrs. Knudsen claims that she had a reasonable time to close. Shawmut claims that the stipulation is clear and unequivocal and since funds were not paid on or before March 1, 1994, that title has passed to it and no further claims to the property may be made by Mrs. Knudsen.
Connecticut General Statutes, Sec. 52-325b places the burden upon the proponent of the lis pendens to establish that there is probable cause to sustain the validity of her claim. Corsino v.Telesca, 32 Conn. App. 627, 631 (1993).
While it is true that stipulated judgments have been defined by case law as a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdictionBryan v. Reynolds, 143 Conn. 456, 460 (1956); it necessarily follows that if the judgment conforms to the stipulation, it cannot be altered or set aside without the consent of all the parties unless it is shown that the stipulation was obtained by fraud, accident or mistake. Bryan v. Reynolds, supra, 461. A judgment by consent is just as conclusive as one rendered upon controverted facts. Bryanv. Reynolds, supra, 461; citing Fidelity Casualty Co. v. JacobRuppert Inc., 135 Conn. 307, 313 (1949). See also Bank ofBoston Connecticut v. DeGroff, 31 Conn. App. 253 (1993). The terms of the stipulation may not be enlarged or diminished by the court. Connecticut Pharmaceutical Assn., Inc. v. Milano,191 Conn. 555, 558 (1983).
In Bryan v. Reynolds, the Supreme Court for the State of Connecticut was faced with a set of facts very similar to those in this action. In Bryan, the parties had entered into a stipulated judgment providing for the payment of a sum certain by Bryan to Reynolds by a specified date upon which payment Reynolds was to quitclaim property to Bryan. They further stipulated that a separate action filed by Bryan against Reynolds was to be dismissed. The Bryans, prior to the deadline, filed a motion to extend the payment date (something Mrs. Knudsen failed to do in the case before this court), which motion was partially granted. However, Bryan failed to pay the money by the extended deadline and the CT Page 6857 trial court entered a mandatory order requiring the Bryans to vacate the property in question. The Supreme Court noted on page 462 that "[b]ecause of . . . [Bryan's] failure to pay that sum, the . . . [trial court] had no other alternative than to enter the judgments which it did." See also, Elliot v. South Isle FoodCorporation, 6 Conn. App. 373, 380 (1986); wherein a stipulated judgment providing for a payment to be made on a date certain held that date to be "`a final date . . . the dead-line date. . . .'"
The parties herein were in an adversarial setting, had engaged in protracted litigation and were at the final stage of that litigation, present in court for trial of the foreclosure action. Having faced delays for the prior four years, and anticipating further delays, the plaintiff bank was motivated to establish a point of finality to the matter which could be enforced. The purpose sought to [be] achieve[d] was to obtain satisfaction of the obligation owed by Mrs. Knudsen one way or another, either through strict foreclosure of the property or payment by a date certain.
Mrs. Knudsen argues that because her contract to sell a portion of the property to a third party did not contain the words "time is of the essence," and because the bank had knowledge of that contract, the bank must have intended March 1, 1994 to mean March 1 or a reasonable time thereafter.
When you view the stipulated judgment in the context of a contested foreclosure action entered into on the date of trial, it is clear that the March 1, 1994 deadline was indeed a cutoff date.
Defendant next argues that if the March 1, 1994 was indeed a cutoff date, then the actions of the bank subsequent thereto amounted to a waiver of the time provision. She relies on BradfordNovelty Co. v. Technomatic, Inc., 142 Conn. 166 (1958), for this position. Bradford is inapplicable to the case at bar. In Bradford, the contracting party clearly had acquiesced to an extension of the performance date by his actions. In this matter, Shawmut Bank clearly indicated in its letter dated March 2, 1994 that it no longer considered itself obligated to convey property back to Mrs. Knudsen and rejected her request for an extension. The date provided for payment and transfer contained in the prior stipulated judgment between the parties was a final date or deadline. Mrs. Knudsen had no right to demand a conveyance beyond March 1, 1994.
The defendant is asking this court to accept a theory of contract CT Page 6858 construction as being applicable to a valid stipulated judgment entered by the court. To accept her position would serve to undermine the principle of the courts in Connecticut to encourage stipulated judgments. It would unnecessarily instill an element of uncertainty to judgments entered by stipulation and destroy the finality of those judgments.
The court is not persuaded that the plaintiff's contract theory as to "time is of the essence" as a matter of law is applicable to the subject stipulated judgment.
The court, for the foregoing reasons, overrules defendant's objection to plaintiff's application for discharge of notice of lispendens and grants plaintiff's application for said discharge.
STODOLINK, JUDGE.