[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO OPEN AND SET ASIDESTIPULATED JUDGMENT
Plaintiff has moved to open and set aside a stipulated judgment entered by the court on March 3, 1994. Defendant objects CT Page 10480 to the motion. The motion is granted.
The judgment of March 3, 1994, incorporated the terms of the parties' settlement agreement concerning alimony and support payments and other matters. The parties acknowledged their oral agreement in open court. Their agreement involved, among other things, a transfer of a co-operative apartment in Edison, New Jersey, from defendant to plaintiff. The parties made their agreement contingent upon the transfer being approved by the Board of the co-operative and by a mortgage company. The plaintiff has tried to obtain the approval of the Board but has been unable to satisfy its financial requirements. The Board has not approved the transfer.
"A stipulated judgment has been defined by our Supreme Court as a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. Gillis v.Gillis, 214 Conn. 336, 339, 572 A.2d 323 (1990); Bryan v. Reynolds,143 Conn. 456, 460, 123 A.2d 192 (1956). The essence of the judgment is that the parties to the litigation have voluntarily entered into an agreement setting their dispute at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement. Gillis v. Gillis, supra, 339-40."Bank of Boston Connecticut v. DeGroff, 31 Conn. App. 253, 255,624 A.2d 904 (1993).
"It necessarily follows that if the judgment conforms to the stipulation it cannot be [opened] or set aside without the consent of all the parties, unless it is shown that the stipulation was obtained by fraud, accident or mistake." (Internal quotation marks omitted.) Gillis v. Gillis, supra, 214 Conn. 340; Bank of BostonConnecticut v. DeGroff, supra, 31 Conn. App. 256. A party seeking to open or set aside a judgment must do so by motion to the trial court. General Statutes § 52-212a; Practice Bk. § 326; see Gillis v.Gillis, supra, 340. . . ." Woodside Village-Stratford Assn. v.Hertzmark, 36 Conn. App. 73, 75-76 (1994).
The parties agreement provides that this court shall have jurisdiction to hear motions should there be a problem with the transfer. There is a problem. The contingency can not be fulfilled.
The judgment of March 3, 1994, is opened and set aside. Since this court can not now re-write the parties contract, the prior judgment is reinstated. CT Page 10481
THIM, JUDGE