[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 106
On November 21, 1995, the plaintiff, Lise-Lotte Knudsen (hereafter "Knudsen"), filed an amended complaint against the defendants, Shawmut Bank of Connecticut (hereafter "Shawmut"); Georgia Buettner, vice president of Shawmut; and Thomas V. Battaglia, Jr., Esq. (hereafter "Battaglia"), Shawmut's attorney, for damages stemming from the defendants' alleged perjury, fraud, misrepresentations and violations of the Connecticut Unfair Trade Practices Act (CUTPA).
In count one of her five count complaint, she alleges that she entered into a stipulation with Shawmut to settle two matters pending in the Superior Court for the Judicial District of Danbury entitled Shawmut (Gateway) v. Knudsen, Docket No. 299663, and Knudsen v. Shawmut Bank, Docket No. 314091. According to the stipulation, Knudsen was to pay $350,000 to Shawmut on or before March 1, 1994, and upon payment, Shawmut was to quitclaim certain property to Knudsen. The stipulation was accepted by the court, Hull, Js., on December 14, 1993.
Knudsen claims that although she "substantially performed the agreement," Shawmut refused to convey the property to her. Knudsen then filed a notice of lis pendens on the property. At a hearing on Shawmut's application to discharge the lis pendens held on May 16, 1994, the court, Stodolink, J., discharged that notice of lis pendens, finding that Mrs. Knudsen had no right to demand a conveyance beyond March 1, 1994 (the date agreed to in the stipulation). Shawmut Bank v. Knudsen, 9 CSCR 853, 854, CT Page 1657 Superior Court, Judicial District of Danbury, Docket No. 316356 (July 20, 1994, Stodolink, J.), aff'd, 38 Conn. App. 919, 919-920,659 A.2d 1240, cert. denied, 235 Conn. 920, ___ A.2d ___ (1995).
Knudsen asserts that at the hearing on the application to discharge the lis pendens, Buettner falsely testified that she had personal knowledge of certain facts about the stipulated judgment because she was present at a conference in the chambers of Hull, Js. in which the settlement was negotiated. Knudsen alleges that this false testimony by Buettner resulted in the court's ruling in Shawmut's favor on the lis pendens issue. Knudsen further alleges that this fraudulent misrepresentation constitutes a violation of General Statutes § 42-110 b(a) of CUTPA. In count two, Knudsen incorporates all prior allegations and further alleges that Buettner's conduct is attributable to Shawmut by virtue of Buettner's position with the Bank, and therefore constitutes a CUTPA violation on the part of Shawmut.
Count three of Knudsen's complaint recites that Buettner repudiated the terms of the stipulated judgment and tortiously interfered with the plaintiff's contractual and beneficial relationship with her tenant buyer in order to seek to gain the benefit for Shawmut bank. Knudsen continues by saying that Shawmut subsequently quitclaimed to plaintiff's buyer the property which was the subject of the plaintiff's contract and which the bank had agreed to convey to the plaintiff. Knudsen alleges that this conduct constitutes unfair trade practice. Notably, Knudsen does not identify her tenant or "plaintiff's buyer" in the complaint.
Count four is directed towards defendant Battaglia, and alleges that Battaglia made misrepresentations to the court during the hearing on the application to discharge the lis pendens. Knudsen further contends that Battaglia wrongfully allowed his client to give false testimony to the court at the same hearing. She claims that Battaglia's conduct constitutes a CUTPA violation. Finally, count five of the complaint alleges that Battaglia's conduct is attributable to Shawmut, and therefore constitutes a CUTPA violation by Shawmut.
Buettner and Shawmut have jointly moved to strike the entire complaint as legally insufficient.[1] In their brief in support of the motion, they argue that as to counts one, two, four and five, Knudsen has failed to allege that the defendants' CT Page 1658 alleged misconduct was performed in a "trade or business," and that therefore those counts are legally insufficient.
The defendants rely on Pergament v. Green, 32 Conn. App. 644,655, and Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660, for the proposition that in order to allege a violation of CUTPA, there must by an allegation in the complaint that the acts complained of were performed in a trade or business and that the defendant's conduct must be engaged in "with such frequency as to indicate a general business practice." Quimby v. Kimberly Clark Corporation, supra. The defendants argue that since Knudsen's complaint does not contain any such allegation, it lacks an essential element of the cause of action, and is therefore legally insufficient.
As to the third count of the complaint, the defendants claim that it fails to state a legally sufficient claim for intentional interference with contractual relations. Their belief that this count attempts to state a cause of action for intentional interference with contractual relations apparently derives from Knudsen's allegation that Buettner's actions, on behalf of Shawmut, constituted "tortious interference" with the stipulation between the parties.
They argue that (1) there can be no interference with contractual relations when the alleged "interferer" is a party to the contract; and (2) count three lacks an allegation of intent on the part of the tortfeasor, which is an essential element of a tortious interference claim.
The defendants incorrectly characterize the allegations in count three as a claim for intentional interference with contractual relations. While they are correct that the tort of intentional interference with contractual relations requires an allegation of intent on the part of the defendant, Knudsen's claim here is that Buettner, on behalf of Shawmut, tortiously refused to perform its agreement to convey the property to her and that this "constitute[s] unfair trade practice." Reading the complaint liberally and construing the facts in the complaint most favorably to the plaintiff; Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170; as the court is required to do, these allegations, if true, constitute a fraudulent or deceptive act which could give rise to a CUTPA claim, not a claim for intentional interference with contractual relations. CT Page 1659
Knudsen filed a brief in opposition to the defendants' motion to strike, in which she argues that (1) the motion is deficient in its entirety because it is filed on behalf of Buettner and Shawmut only; (2) her complaint states a legally sufficient cause of action; and (3) in determining whether she has sufficiently alleged CUTPA violations, the court must view the complaint within the context of totality of the circumstances which are uniquely available to the trial court.
Although in her brief Knudsen argues that outright misrepresentation of the terms and intent of the parties to a contract constitutes a deceptive act for CUTPA purposes, she does not address the defendants' argument that the complaint fails to allege that the acts complained of were performed in a trade or business. Additionally, she does not expound further on her argument that the entire motion to strike is deficient because it is not filed by Battaglia.
The function of a motion to strike is "to test the legal sufficiency of a pleading." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384. More specifically, the purpose of a motion to strike is "to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted; alterations in original.) Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 214-215.
In this case, Knudsen has purported to allege CUTPA claims based upon the allegedly false and misleading statements made by Buettner during a hearing before this court. It should be noted that for purposes of this motion to strike, the court must treat the allegations of the complaint as admitted. Ferryman v. Groton,212 Conn. 138, 142.
The elements of a CUTPA claim are that the defendant has engaged in "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General statutes § 42-110b(a); Williams Ford, Inc.v. Hartford Courant Co., 232 Conn. 559, 591. The Appellate Court has held that "[i]n order to allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a 'trade or business.'" Quimby v. KimberlyClark Corporation, supra. Failure to allege that the defendant's conduct was performed in such a manner that renders the complaint deficient and the plaintiff cannot prevail thereon. CT Page 1660Pergament v. Green, supra.
Counts one, two and five, all purporting to allege a cause of action under CUTPA, lack the allegation that the defendants' conduct was performed in a trade or business. As such, those counts are legally insufficient, and are therefore stricken.[2]
As to count three, this count is legally insufficient because this court has previously decided, as a matter of law, that Shawmut was not obligated to convey the property to Knudsen beyond March 1, 1994. Shawmut Bank v. Knudsen, supra. As such, Knudsen cannot prevail on this count as a matter of law, and it should therefore be stricken.
As to count four, Knudsen's assertion that Buettner and Shawmut have no standing to contest the legal sufficiency of that count since it is directed at Battaglia is well-founded. As noted above, Battaglia for some unknown reason has permitted himself to be defaulted for failure to plead. Since the motion to strike is filed on behalf of defendants Buettner and Shawmut only, and count four is directed towards defendant Battaglia, Buettner and Shawmut have no standing to challenge count four. Their motion must be denied as to count four. However, even though Knudsen may well obtain a judgment on the default against Battaglia as to count four, which is the predicate for the CUTPA claim against Shawmut in count five, count five is still legally insufficient as a CUTPA claim against Shawmut because it lacks the allegation that the conduct as performed in a trade or business.
The defendants' motion to strike counts one, two, three and five is granted, but denied as to the fourth count of the complaint.
Moraghan, J.