[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
STATEMENT OF THE CASE
This action was instituted by the plaintiff, Raymond Marketing Corporation of North America, against the defendant, Therese Cary, to recover money obtained by her which allegedly exceeded the amount Raymond Marketing was required to pay her under a stipulated judgment. The parties have consented to a bench trial of the case on stipulated facts. The court accepts the parties' Stipulated Facts dated April 18, 1996, as well as the exhibits attached to the Stipulated Facts. The court incorporates these Stipulated Facts by reference and makes them the factual findings herein. These facts will not be repeated in this decision in their entirety.
Findings of Fact
In a prior lawsuit entitled Cary v. Raymond Marketing ofNorth America, CV90 02776555, the parties to the instant action entered into a Stipulated Judgment. Under the terms of this stipulation, judgment entered in favor of Ms. Cary and against Raymond Marketing for $62,127.08. This judgment would be deemed fully paid and satisfied if Raymond Marketing paid $55,000 in installments; $25,000 would be paid when judgment entered and the balance would be paid in twelve monthly payments of $2500 beginning on July 1, 1994 and continuing on the first day of each successive month thereafter. The Stipulated Judgment also contained the following default clause:
 4. If the defendant is in default of any of the payment terms set forth in paragraph 2 of this Stipulation, the plaintiff's agreement to accept $55,000.00 in full satisfaction of this judgment shall be null and void, the unpaid balance of the full amount of this judgment as set forth in paragraph 1 of this stipulation shall be due and payable immediately CT Page 6576 and the plaintiff may pursue collection of the unpaid balance of the full amount of this judgment by any and all means provided by law. The defendant shall be in default of the payment terms set forth in paragraph 2 of this stipulation if the initial $25,000.00 payment is not received by the plaintiff's counsel by 5:00 p. m. on the day judgment is entered by the Court in accordance with this stipulation or if any of the 12 monthly installments is not received by the plaintiff's counsel by 5:00 p. m. on the 4th business day of each month. The defendant shall bear the sole responsibility for making sure that the plaintiff's counsel receives each payment before these default deadlines.
Raymond Marketing made the $25,000 payment and the first nine monthly payments. The payment due by February 6, 1995 was not received by Ms. Cary's attorney before the 5:00 p. m. deadline. At 6:15 p. m., her attorney prepared and faxed a letter to Raymond Marketing's attorney informing him that because the February 1995 payment was not received by the deadline date as required under the judgment, Ms. Cary's agreement to accept $55,000 in satisfaction of the judgment was null and void, and the unpaid balance of the full amount of the judgment was due and payable immediately.
The parties' Stipulated Facts further establish that Raymond Marketing had issued a check for the February payment on February 6, 1995, but did not deliver the check to federal express for delivery until 5:13 p. m. of that day. The check was received by Ms. Cary's attorney at 10:00 a.m. on February 7, 1995, approximately sixteen hours after he had sent the notification of default. Ms. Cary subsequently acquired and served a writ of execution from which she recovered the entire outstanding balance of the full judgment. In the instant action, plaintiff seeks to recover the amount Ms. Cary received from the execution that exceeds the $55,000 compromise amount under the Stipulated Judgment.
DISCUSSION
The Stipulated Judgment executed by the parties is a contract acknowledged on the record and accepted by the court. SeeMongillo v. Commissioner, 214 Conn. 225, 229, 571 A. 22 112 (1990); Owsiejko v. American Hardware, Corp., 137 Conn. 185, 187, CT Page 657775 A.2d 404 (1950). "[C]ourts of law must allow parties to make their own contracts, and can enforce only such as they actually make. . . . It is beyond the province of courts to substitute terms for those made by the parties to a contract or to supply terms that have not been agreed upon." Vending Credit Corp. v.Trudy Toys Co., 5 Conn. Cir. 629, 634, 260 A.2d 135 (App.Div. 196 9).
In addition, however, a stipulated judgment is more than just a consensual agreement. A stipulated judgment is a court order, and as such, the court has the power to issue orders to protect its integrity and the parties have the right to use available legal remedies to enforce its provisions. Thus, the terms of the stipulation can be altered or set aside only by court order and within certain limitations. See generally, ConnecticutPharmaceutical Assn., Inc. v. Milano, 191 Conn. 555,468 A.2d 1230 (1983); Bryan v. Reynolds, 143 Conn. 456, 460-461,123 A.2d 192 (1956).
In the case at bar, the plaintiff concedes that the February 1995 payment was late, but argues that the delay was not substantial and Ms. Cary was not prejudiced. The phrase "time of the essence" was not an expressly stated provision of the Stipulated Judgment. Consequently, Raymond Marketing argues that Ms. Cary cannot insist on strict compliance with the deadline date and she is required to accept $55,000.00 as full satisfaction of the judgment. To support this argument, Raymond Marketing emphasizes the general rule that simply because "a contract states a date for performance does not necessarily make time of the essence." Grenier v. Compratt Construction, Co.,189 Conn. 144, 151, 454 A.2d 1289 (1983).
 Where a time for performance is stated in an agreement, a party's tender of performance within a reasonable time thereafter will be considered substantial performance unless the parties intended that time for performance be of the essence. See J. Calamari J. Perillo, Contracts (2d Ed) § 11-22, pp. 409-10. Where the agreement does not specifically state that time is of the essence, it is presumed not to be unless the parties have expressed a contrary intent.
(citations omitted). Mihalyak v. Mihalyak, 11 Conn. App. 610,616, 539 A.2d 213 (1987). CT Page 6578
Raymond Marketing's position fails to appreciate fully that the failure to use the phrase "time of the essence" in the Stipulated Judgment is an important factor, but not the controlling one. The primary question is whether the time deadlines were material terms of the parties' agreement that required strict compliance and this question requires a consideration of the relevant factors of the transaction to determine the parties' intent. Mihalyak v. Mihalyak, supra,11 Conn. App. 616 (when there is no stated provision that time is of the essence, a court must consider other factors to determine the parties' intent). In this particular case, the Court looks no further than to the language of the Stipulated Judgment itself.
The Court places significant weight on the following language in the stipulation: "The defendant [Raymond Marketing] shall bear the sole responsibility for making sure that the plaintiff's counsel receives each payment before these default deadlines." This language cannot be viewed as being added to the stipulation merely to indicate that Raymond Marketing had the obligation to make the payments when they were due. This burden quite obviously had to fall on Raymond Marketing because it was required to make the payments. Consequently, this obligation did not require reiteration in the stipulation by this additional provision. The court must interpret such provisions of a contract as having some purpose and meaning, and it is fair to conclude that the purpose and meaning of this particular provision was to place emphasis on and attention to the importance of Raymond Marketing's responsibility to deliver the payments "before the defaultdeadlines".
Although the Stipulated Judgment does not provide that time is of the essence, the provision discussed above and other language of the Stipulated Judgment support the defendant's position that any failure to make the payment by the deadline dates would automatically result in default. The stipulation provides that any default in the payment terms would make Ms. Cary's agreement to accept $55,000 "null and void" and would make the full amount of the judgment "due and immediately payable." Moreover, the default clause does not just specify the date on which default would occur, but also identifies the exact time on which default would occur. These provisions indicate that the parties not only negotiated a due date for the payments and a grace period, but they also agreed to a precise date and time on which default would automatically occur — they agreed to a final CT Page 6579 deadline date or a "drop dead" date. Accord Shawmut Bank v.Knudsen, judicial district of Danbury, Docket No. 316356 (January 20, 1994, Stodolink, J.), 9 CSCR 853, aff'd, 38 Conn. App. 919,659 A.2d 1240, cert denied, 235 Conn. 920, 665 A.2d 906 (1995).
The cases most heavily relied on by the plaintiff involve construction or real estate contracts. Deadline dates are often liberally applied in these cases because performance is often controlled by factors outside a party's complete control; and because the material aspect of the parties' agreement often involves the performance itself and not the exact time of performance. See, e.g., Kakalik v. Bernardo, 184 Conn. 386, 394,439 A.2d 1016 (1981) (failure to provide notification of bank's issuance of a mortgage commitment before deadline date was not a material condition of the parties' obligations).
On the other hand, the parties' intentions and expectations in the instant case must be evaluated in an entirely different context. Their agreement is in the form of a stipulated judgment which resolved adversarial litigation between them; the case had been pending for four years and they agreed to the Stipulation after trial proceedings. Moreover, their agreement is not purely consensual because the stipulated judgment constitutes a judicial decree. A consent judgment is just as conclusive as one rendered upon controverted facts and cannot be altered in the absence of fraud, accident or mistake. Bryan v. Reynolds, supra,143 Conn. 461.
In Shawmut Bank v. Knudsen, supra, 9 CSCR 853, the Court considered a similar claim that a deadline in a stipulated judgment did not require strict compliance because the phrase "time is of the essence" was not used. There, a foreclosing bank stipulated with the defendant, Knudsen, that upon payment of a certain sum "on or before March 1, 1994", the bank would quit claim certain property to Knudsen's designee. On March 1st Knudsen had a contract to sell the property to a third party and requested the bank to agree to a short continuance for the closing. The bank would agree to the continuance only if certain proofs were provided, which were not. The bank took title to the property and refused to accept funds and execute the quit claim deeds. The Court held that under these circumstances, Knudsen was required to comply with the deadline date even though the stipulation failed to state that time was of the essence. The Court stated that it was clear that the deadline set forth in the stipulated judgment "was indeed a cutoff date," Id., especially CT Page 6580 in the context of a four year old case that was settled by a stipulated judgment on the day trial was to have commenced. The Court held that to accept Knudsen's claim "would serve to undermine the principle of the courts in Connecticut to encourage stipulated judgments. It would unnecessarily instill an element of uncertainty to judgments entered by stipulation and destroy the finality of those judgments." Id. See also, Elliott v. SouthIsle Food Corp., 6 Conn. App. 373, 380, 506 A.2d 147 (1986) (performance date in a stipulated judgment was a final, deadline date); compare, Mihalyak v. Mihalyak, supra, 11 Conn. App. 616-617 (performance date of consent judgment was not intended to be time of the essence).
Agreements should not be construed to work an injustice or to cause results not contemplated by the parties. The plaintiff, however, has little reason to complain about a strict application of the default terms of the Stipulated Judgment when the terms that were negotiated and agreed to by the plaintiff explicitly placed the burden on the plaintiff to make the payments by a specific day and time, and further required automatic default if this burden was not met. This court holds that the deadline periods were material, negotiated terms of the stipulation and the plaintiff was required to comply with the default deadlines strictly, regardless of the parties' failure to say "time is of the essence."
The plaintiff's final argument is that by accepting the monthly payments after the late February payment, the defendant waived her right to declare a default and seek full payment of the judgment. The stipulated facts establish that after the late payment, the parties communicated through their attorneys. Raymond Marketing's attorney stated that the late February payment did not justify the default being asserted by Ms. Cary and that Raymond Marketing would continue to make the two remaining $2500 monthly payments. In fact, Raymond Marketing made the final two payments.
On the other hand, Ms. Cary's attorney insisted that Raymond Marketing's default automatically made her obligation to accept the $55,000 null and void, and she would proceed to exercise her rights to collect the full amount of the judgment. He expressly advised Raymond Marketing's counsel orally and in writing that any further payments made by Raymond Marketing would be accepted and applied to the full amount of the judgment. Thereafter, Ms. Cary's attorney accepted and cashed the February 1995 payment as CT Page 6581 well as the two payments made in March and April 1995. These payments were received and accepted by Ms. Cary before she acquired the execution which satisfied the full amount of the judgment.
In many cases, a party's acceptance of payments after a default operates to waive that party's right to assert remedies based on the default. See, e.g., Lownds v. Lownds, 41 Conn. Sup. 100,107, 551 A.2d 775 (1988). However, this is not such a case. Waiver requires an intentional and knowing relinquishment of one's rights. Olean v. Treglia, 190 Conn. 756, 773, 463 A.2d 242
(1983). Raymond Marketing could not have anticipated or inferred any such waiver because it was explicitly informed about Ms. Cary's position that any additional payments would be accepted and applied to the balance due on the full judgment amount. The facts establish that Ms. Cary very clearly and affirmatively stated that her acceptance of the payments would not constitute any waiver, that she intended to pursue the full amount of the judgment, and that all payments would be applied to this amount. Additionally, and possibly more importantly, Raymond Marketing's obligation was based on a judgment under which it was obligated to make payments totalling at least $55,000 irrespective of any default. As previously stated, a stipulated judgment is more than just a consensual agreement between the parties — it is a court order which must be complied with in the absence of modification. Consequently, notwithstanding the parties' dispute about the existence or nonexistence of a default, Raymond Marketing was still subject to a court order to pay at least the $55,000. Under the specific factual circumstances here, the defendant's acceptance of the three final payments made by the plaintiff did not constitute a waiver of her right to seek and acquire the full amount of the judgment under the terms of the Stipulated Judgment.
CONCLUSION
Therefore, for all the foregoing reasons, judgment enters in favor of the defendant Therese Cary.
Dated this 17th day of December 1996.
STEVENS, JUDGE CT Page 6582